## REED v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 59, October Term, 1956.]

*Decided February 7, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Michael Paul Smith. The petitioner was tried before Judge Moser in the Criminal Court of Baltimore on an indictment in two counts, one charging burglary and one charging him with being a "rogue and vagabond". He was convicted on the second count, but the commitment erroneously showed that he had been convicted of burglary. He was transferred to the Patuxent Institution for examination, and thereafter released after a jury trial, and remanded to the House of Correction.

The petitioner seems to contend that he was deprived of his constitutional rights because his transfer to Patuxent In-

stitution was predicated upon a non-existent conviction of burglary, a felony, whereas he had in fact been convicted of a criminal offense for which he could not have been sent to the Institution. But we have recently held in *McElroy v. Director of Patuxent Institution,* 211 Md. 385, 389-390, that the offense of being a "rogue and vagabond" is "a misdemeanor punishable by imprisonment in the penitentiary", and, as such, within the class of offenses to which the defective delinquency law applies. Moreover, since he was released from that institution after the jury's verdict, he is not now confined under the provisions of that law.

Nor would the fact that there was an error in the commitment justify his release from the House of Correction on writ of *habeas corpus.* We have repeatedly held that such an error calls for correction, not for release. *Lewis v. Warden,* 209 Md. 625; *Lewis v. Warden,* 203 Md. 676; *Justice v. Warden,* 203 Md. 651. We are informed that the correction has been made.

*Application denied, with costs.*