STATE *v.* ROBERSON

[No. 43 (Adv.), September Term, 1960.]

*Decided June 9, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph S. Kaufman, Assistant Attorney General,* with
whom were *C. Ferdinand Sybert, Attorney General, William
Kahler, State's Attorney for Prince George's County,* and
*Frank P. Flury, Deputy State's Attorney for Prince George's
County,* on the brief, for appellant.

*Thomas B. Yewell,* with whom were *Welsh, Dyer & Lan-
caster* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

On March 7, 1960, after a hearing on a petition for post
conviction relief, Judge Fletcher, in the Circuit Court for
Prince George's County, ordered that the petitioner be re-
leased from the custody of officials of the Patuxent Institu-
tion, to which he had been duly committed as a defective
delinquent pursuant to a finding of a jury on January 8, 1957,
and an order of court, under Code (1957), Art. 31B, sec. 9
(b), from which no appeal had been taken. Judge Fletcher
rejected the petitioner's contention that Art. 31B is unconsti-
tutional, but held that the misdemeanor of which the peti-
tioner had been originally convicted upon a plea of guilty, un-
authorized taking of a motor vehicle under Code (1957), Art.
27, sec. 349, was not of a type that would meet the conditions
laid down in Art. 31B, sec. 6. Accordingly, the sentence of
not to exceed two years in the State Reformatory having ex-
pired (cf. *Caparella v. State,* 214 Md. 355, 358, 135 A. 2d

311), the court ordered his release. On March 22, 1960, the State's Attorney filed a "notice of appeal", and the court passed an order staying the order of release. Counsel for the appellee filed in this Court a motion to dismiss the appeal, on the ground that there is no appeal as of right in post conviction cases, and that the "notice of appeal" did not serve the purpose of an application for leave to appeal. We deferred ruling on the motion and advanced the case for argument in this Court upon the motion, and upon the merits.

This Court has not yet prescribed the form in which applications for leave to appeal should be drawn, under Code (1959 Cum. Supp.), Art. 27, sec. 645 I, and our practice, at least where applications have been filed by persons under confinement, has been to give effect to clear intention to seek review. Even in case of direct appeals, technical mistakes have frequently been overlooked. *Sweeney v. Hagerstown Trust Co.,* 144 Md. 612, 622, 125 Atl. 522; *Christy v. Hammond,* 161 Md. 139, 144, 155 Atl. 322; *Sobel v. Diatz,* 189 F. 2d 26, 27 (U. S. Ct. of App., D. C.). Under the circumstances of this case, we are disposed to treat the notice as an application for leave to appeal, which, in effect, we granted by advancing the case for argument.

The appellee argues that an applicant for leave to appeal should state the grounds relied upon. Maryland Rule 830 a 1 provides, in part: "In a post conviction case the applicant may, in lieu of a brief, rely on the statement in his application for leave to appeal of the reasons why the order should be reversed." But in the instant case the points relied upon were fully set out in the petition, and discussed in the opinion of the court below and in the briefs filed in this Court. We are not disposed to grant the motion to dismiss under the circumstances.

If the question of the constitutionality of Art. 31B is properly before us on the State's appeal, it is sufficient to state that the points raised were decided, contrary to the appellee's contentions, in *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698. Cf. *McElroy v. Director,* 211 Md. 385, 127 A. 2d 380, *Palmer v. State,* 215 Md. 142, 137 A. 2d 119, *Blizzard v. State,* 218 Md. 384, 147 A. 2d 227, and *Cowman v. State,*

220 Md. 207, 212, 151 A. 2d 903. In the *Eggleston* case we held that the statute was sufficiently certain and definite. Although it has been urged upon us that doubts have since arisen as to the wisdom of the enactment and its practicality in operation, we adhere to the view that it does not transcend constitutional limitations. In the *Eggleston* case we also held that the classification, as between persons who may not have been convicted, or convicted of crimes the penalty for which is more limited, was not unreasonable. Likewise, in the instant case, we find no invalid discrimination in the fact that the request for examination may originate with the State's Attorney, the defendant, the defendant's attorney, or the court, under sec. 6 (b) of Art. 31B. A person committed to an institution for the insane could hardly complain that other lunatics are still at large.

The appellant contends that the court below erred in holding that the trial court did not have jurisdiction to initiate the proceeding that resulted in the appellee's commitment to Patuxent Institution. Code (1957), Art. 31B, sec. 6 (a) provides that a request for examination may be made if the person in question has been convicted and sentenced for "a crime or offense coming under one or more of the following categories: (1) a felony; (2) a misdemeanor punishable by imprisonment in the penitentiary; (3) a crime of violence; (4) a sex crime [of certain types] * * *; (5) two or more convictions for any offenses or crimes punishable by imprisonment, in a criminal court of this State." Code (1957), Art. 27, sec. 349, creating the offense for which the appellee was convicted, provides that any person convicted of wilfully taking a motor vehicle shall "be adjudged guilty of a misdemeanor, and shall restore the property so taken * * * and be fined * * * or be imprisoned in the county or city jail or the penitentiary, or the house of correction * * *, or be both fined and imprisoned as aforesaid, in the discretion of the court * * *." Judge Fletcher took the view that subsection (2) of Art. 31B, sec. 6 (a) should be read to include misdemeanors punishable *only* by imprisonment in the penitentiary. We do not agree.

The ordinary meaning of the word "punishable" is "liable

to punishment". The dictionaries are in accord on this point. See also the cases collected in 35 Words and Phrases, p. 460. In construing similar statutes, with relation to the Statute of Limitations, this Court has repeatedly held that it is the liability to punishment in the penitentiary, and not the punishment actually inflicted, which controls. *Schaumloeffel v. State*, 102 Md. 470, 472, 62 Atl. 803; *Archer v. State*, 145 Md. 128, 137, 125 Atl. 744; *Simmons v. State*, 165 Md. 155, 167, 67 Atl. 60; *Medley v. Warden*, 210 Md. 649, 653, 123 A. 2d 595; *Kares v. State*, 215 Md. 396, 397, 137 A. 2d 712. See also *Yantz v. Warden*, 210 Md. 343, 350, 123 A. 2d 601, discussing the jurisdiction of trial magistrates to try cases "not punishable by confinement in the penitentiary". Moreover, the precise point now raised, as to the construction of Art. 31B, sec. 6 (a) (2) was passed on in *McElroy v. Director, supra* (p. 389). Although not necessary to the decision, since the appeal was dismissed on other grounds, we expressed the opinion that the Criminal Court of Baltimore had jurisdiction to order an examination under Art. 31B, following a conviction under Code (1951), Art. 27, sec. 576 (rogue and vagabond), wherein it was provided that the sentence might be to the penitentiary, or to imprisonment in jail, at the discretion of the court. Some doubt on this point was expressed in the dissenting opinion which took the view that leave to appeal should be granted. However, the majority opinion on the point was cited with approval in the later case of *Reed v. Warden*, 212 Md. 645, 646, 129 A. 2d 92.

In view of the plain meaning of the word "punishable" and the cases that have ascribed that meaning to it, we cannot hold that the Legislature intended to restrict its meaning to those misdemeanors that are punishable only by confinement in the penitentiary. It may be true, as the appellee suggests, that some of the crimes, for which the Legislature has authorized imprisonment in the penitentiary, do not appear to be of an extremely serious nature, or to constitute such an actual danger to society as to require confinement and treatment, as indicated in sec. 5 of Art. 31B. But we may note that sec. 5, relates to the determination of defective delinquency, not to the conditions under which examination may be ordered.

It would appear that the finding of delinquency in the instant case was based not merely on the single conviction and sentence but on an extensive juvenile record since the age of twelve. If the legislative classifications of criminal penalties, in the various statutes that authorize them, to which Art. 31B, sec. 6 (a) (2) refers, are unscientific and illogical, the remedy must lie in a revision of the criminal article of the Code, not in the adoption by this Court of a strained or tortured construction of the language employed.

*Order reversed and petition dismissed.*