## AMBROSE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 36, September Term, 1960.]

*Decided January 26, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

This application for leave to appeal is from a jury's finding of defective delinquency on May 6, 1960. The application was not filed within the thirty days prescribed by Code (1960 Supp.), Art. 31B, sec. 11, but it would appear that the applicant wrote a letter to the trial court concerning appeal, within thirty days after his conviction. Although he was correctly informed on May 26, 1960, that the change in the law, relating to applications for leave to appeal *in forma pauperis*, would not be effective until June 1, 1960, (cf. Acts (1960), ch. 43 and *Cowman v. State*, 220 Md. 207, 209), the Attorney General concedes, and we agree, that this application may be treated as a belated appeal. We have so treated it, in directing the record to be transmitted to this Court.

The applicant was represented by court appointed counsel at the hearing and was examined by an independent psychiatrist, Dr. Lerner, at his request. He had been convicted of unauthorized use of an automobile and sentenced to one year in the State Reformatory in June, 1958. On the day following his release he became involved in another larceny of an automobile and entered a plea of *nolo contendere*. He was sentenced to eighteen months in the Reformatory, and an order for his examination at Patuxent was passed. There can be no doubt that he was eligible for the examination under Code (1957), Art. 31B, sec. 6 (a), because of his conviction in the first case. Cf. *State v. Roberson*, 222 Md. 518.

The chief contentions of the applicant seem to be that there was insufficient evidence to support the finding and that the trial court erred in refusing to "allow evidence of treatment and observation coming out of confinement in the Patuxent Institution * * *." On the latter point it is not shown that any such evidence was offered or that any court rulings were requested or made. Nor is it shown that treatment, if any, at the Patuxent Institution would be relevant to the issue framed. It does appear that the applicant was examined by

Dr. Guttmacher, who had first examined him in 1956, as well as by Dr. Boslow and other staff officials of Patuxent. At the time of his second criminal conviction he was over 18 years of age. He had a long record of offenses as a juvenile. Dr. Lerner concluded his report with the statement that the patient "is a rather unfortunate individual who falls into the classification of a social behavior disorders and can be classified as a defective delinquent in accordance with the law." Dr. Guttmacher had no doubt that he "should be declared a defective delinquent." Dr. Boslow expressed the opinion that he "shows such emotional imbalance as to render him dangerous to a free society * * *." We think there was evidence from which the jury could properly find him to be a defective delinquent.

*Application denied.*