## LANDER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 52, September Term, 1960.]

*Decided March 16, 1961.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney and Marbury, JJ.

Hammond, J., delivered the opinion of the Court.

The applicant plead guilty to false pretenses on November 25, 1959, and was sentenced by Judge Rollins to three years in the Maryland House of Correction. The sentence was suspended on conditions of good behavior and restitution of the money obtained at a rate of $10.00 per week, and probation for five years was imposed. Because restitution was not made as ordered, the probation was stricken out on February 9, 1960. Judge Rollins, under the mistaken impression that the sentence he had imposed originally was eighteen months (rather than the three years it admittedly was), said the sentence reinstated was for eighteen months. The commitment showed the sentence to be for three years.

The applicant made the following contentions below before Judge DeWeese Carter:

1. That although the commitment shows a three-year sentence, that actually imposed was but eighteen months.

2. A sentence of three years exceeds the maximum set by law.

3. He was denied a hearing before a magistrate.

4. He was tried under two indictments—Number 367, having to do with a crime involving a weapon, on which sentence was suspended generally, and Number 368 for the false pretenses, for which he was sentenced and resentenced. The commitment erroneously showed him to have been sentenced under Number 367.

5. The trial judge was prejudiced.

At the post conviction hearing, the applicant, Judge Rollins and the clerk of the court testified. Judge Carter ordered the clerk to correct the clerical error so as to make the commitment show that sentence was under indictment Number 368 and so to conform to the truth and the record. This was proper and the clerical error affords no ground for post conviction relief. *Carter v. Warden,* 210 Md. 657, 659; *Reed v. Warden,* 212 Md. 645, 646.

Judge Carter found no merit in any of the other contentions. In this Court the applicant has raised only the first, the question of the disparity in the sentences, and the others are to be considered as waived and abandoned. *Monroe v. Dir. of Patuxent Institution,* 223 Md. 660, 663.

On the matter of the sentences, Judge Carter found as facts from Judge Rollins' testimony that Judge Rollins thought the original sentence had been eighteen months but that he did not intend to reduce the original sentence and would have revoked the probation just as he did if he had realized the sentence was for three years.

The original sentence of three years was less than a third of that permitted by law for the crime to which the applicant plead guilty. Judge Carter's finding that the original sentence was intended to be reinstated, supported by the court records that it was, leaves the applicant with no basis for post conviction relief.

*Application denied.*