## BARNES, JR. *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 34, September Term, 1961.]

*Decided November 20, 1961.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a redetermination that the applicant is a defective delinquent.

The applicant, Barnes, was convicted in 1957 in the Criminal Court of Baltimore under Code (1957), Art. 27, Sec. 349, for unauthorized use of a motor vehicle and was sentenced to not more than two years in the Maryland Reformatory for Males. In 1958 he was found by a jury to be a defective delinquent and was committed to Patuxent for an indeterminate period.

As a result of a petition for redetermination of his status as a defective delinquent, a hearing was held on June 19, 1961, before Judge Manley in Baltimore City, at which Barnes was represented by court-appointed counsel. At the hearing Barnes elected to have the Judge hear the case without a jury. There were only two witnesses—Dr. Harold M. Boslow, Director of the Patuxent Institution, and Barnes. The essence of Dr. Boslow's testimony was that Barnes has "demonstrated a persistent aggravated anti-social behavior," is "intellectually deficient" and "emotionally unbalanced," and "has clearly demonstrated himself to be an actual danger to society so as to require confinement and treatment." This testimony was amply supported by several exhibits of institutional reports concerning Barnes' behavior, clearly showing him to be mentally defective, emotionally unbalanced, and a threat to society. Barnes' testimony was mostly to the effect that he was getting along better at Patuxent with the staff than he previously had been doing, that he wanted to go home, and that he thought he could behave himself properly if allowed to do so. Judge Manley found as a matter of fact that Barnes at present would be a threat to society if permitted his freedom and ordered his recommitment.

Subsequently, Barnes filed in this Court his application for leave to appeal, in which he raises six points. Five of these can be summarily disposed of. The first is an allegation that Dr. Boslow made conflicting statements and actually committed perjury in stating that Barnes had once been involved in an armed robbery. The transcript reveals no conflicting

testimony and no such statement. The second and third averments are, in substance, that he was denied counsel of his own choice and denied a "fair and speedy trial." Neither of these points was raised at the hearing below and therefore neither is subject to review by this Court. Md. Rule 885. The fifth point is that testimony from his previous trial was used as evidence against him. Again, the transcript fails to disclose this. The sixth point, that he has been denied proper medical treatment at Patuxent, is irrelevant to any cogent issue involved in a redetermination hearing.

The remaining contention, the applicant's fourth point, is that he was not a potential defective delinquent when he was first sent to Patuxent for examination, in that he was not "convicted of two or more convictions in a criminal court of the State of Maryland," as required by Code (1957), Art. 31B, Sec. 6 (a) (5). He was, however, convicted of a misdemeanor punishable by imprisonment in the penitentiary, which, under Code (1957), Art. 31B, Sec. 6 (a) (2), is made an alternative basis for examination. In fact, this Court has recently held, in *State v. Roberson*, 222 Md. 518, that a person convicted under Code (1957), Art. 27, Sec. 349, the statute under which Barnes was convicted, had been convicted of a misdemeanor "punishable by imprisonment in the penitentiary," as that phrase is used in Art. 31B, Sec. 6 (a) (2), even though such an offense was not punishable solely by imprisonment in the penitentiary and the applicant had not in fact been sentenced to the penitentiary. *Cf. Ambrose v. Director*, 224 Md. 656.

*Application denied.*