## TIPPETT *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 104, September Term, 1963.]

*Decided February 7, 1964.*

Before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

This is an application for leave to appeal from a redetermination of defective delinquency made on September 5, 1963, by Judge William B. Bowie, sitting without a jury in the Circuit Court for Prince George's County.

Charles Mason Tippett, the applicant, pleaded guilty in Feb-

ruary 1957 to housebreaking, and was sentenced to eighteen months in the Maryland House of Correction. On August 8, 1957, he was adjudged by a jury to be a defective delinquent and committed to Patuxent Institution. Tippett petitioned for a redetermination of his status in 1959 and again in 1962; in 1959 a jury found the applicant's condition to be unchanged, and he withdrew the 1962 petition before a trial.

In his current application, Tippett makes two allegations: (1) Doctor Vasconcellos, who testified for the State at the hearing, gave "false and contradictory evidence"; and (2) nothing had been done to correct his speech impediment (he said Dr. Vasconcellos testified that his "problems were caused" by his stuttering problem), and he doubted that he would ever receive treatment for it.

The trial court had the duty of determining the reliability and weight of Dr. Vasconcellos' testimony as affected by the discrepancies the applicant claims were in it and the contradictions he alleges were established by the testimony of guards at the Institution. *Meredith v. Director,* 226 Md. 653, 656; *McCloskey v. Director,* 230 Md. 635, 639. Dr. Vasconcellos' belief that the applicant was a defective delinquent was concurred in by the private psychiatrist who examined the applicant at his request, as Code (1963 Cum. Supp.), Art. 31B, Sec. 7 (b), permits, and who came to the conclusion that he was still a defective delinquent.

As to the stuttering, there is no claim and no showing that it could be helped or cured by treatment and, in any event, a claim of denial of proper medical treatment has been held to be irrelevant to any cogent issue pertinent to a redetermination hearing. *Barnes v. Director,* 227 Md. 641, 643.

*Application denied.*