## WAIN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 67, September Term, 1957.]

*Decided January 30, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant, Wain, seeks leave to appeal from the denial by Judge Phillip H. Dorsey, Jr., of the Circuit Court for St. Mary's County, of his petition for a writ of *habeas corpus.*

Wain entered pleas of guilty in that Court on October 18, 1956, to three indictments, which, respectively, charged larceny of goods ·belonging to three different individuals. In each case the value of the articles stolen exceeded $100, and the maximum sentence under any of the indictments was fifteen years' imprisonment. Code (1951), Article 27, Section 405. On October 18, 1956, Judge Digges ˙ sentenced Wain to five years' imprisonment under each indictment, and directed that the sentences run consecutively. Wain filed a petition for reduction of sentence on October 26th, and on October 30, 1956, the original sentences were stricken out and he was then sentenced to a total of eight years in the House of Correction, five years in the first case, three years in the second and three years in the third. The sentence in the second case was to follow that in the first, and the sentence in the third case was made concurrent with that in the second. He makes numerous contentions in support of his petition.

He alleges that he was illegally arrested, but states no facts to support this contention. It is not available on *habeas corpus*. *Szukiewicz v. Warden*, 213 Md. 636, 131 A. 2d 390.

He claims that he was induced by a promise, which was not kept, to waive extradition. This is not a ground for *habeas corpus*. *Hickman v. Warden*, 203 Md. 668, 99 A. 2d 730.

He claims that he was the victim of undue publicity. He alleges no facts in support of this claim. Publicity, too, is not a ground for *habeas corpus*. *Randall v. Warden*, 208 Md. 667, 119 A. 2d 712.

His allegations that he was never indicted and was not furnished with copies of the indictments against him are directly refuted by the docket entries, and it was proper for Judge Dorsey to consider them. *Roberts v. Warden*, 211 Md. 639, 126 A. 2d 857.

He claims that because all of the articles which he was charged with stealing were taken from one place, there should have been but one charge of larceny. This question could have been raised at the trial, but is not available on *habeas corpus*. *Appitito v. Warden*, 197 Md. 687, 80 A. 2d 37. *cert.* den., 341 U. S. 956.

The applicant's claim that the sentences were excessive is without merit. The maximum penalty fixed by statute for each offense was greatly in excess of the penalty imposed. In fact, the aggregate is only a little more than one-half of the sentence which might have been imposed on any one charge. See *Hart v. Warden,* 213 Md. 658, 132 A. 2d 592, and *Yantz v. Warden,* 213 Md. 626, 130 A. 2d 731.

His allegations as to prejudice on the part of the judge at the time of imposing sentence seem factually unfounded. He claims that the judge stated in substance that the length of the sentences was due to the defendant's attitude—meaning, we take it, as manifested at the trial. We see no reason why the judge should not have taken this into consideration in determining the sentence. See *Williams v. New York,* 337 U. S. 241.

The applicant also includes complaints against his counsel —that the latter told the defendant to plead guilty and a claim that he was incompetent. Neither is sufficient to support an application for a writ of *habeas corpus.* See *Williams v. Warden,* 209 Md. 641, 120 A. 2d 919, *cert.* den., 351 U. S. 974; *Wagner v. Warden,* 205 Md. 648, 109 A. 2d 118, as to the plea; and see *Hicks v. Warden,* 213 Md. 625, 130 A. 2d 761, as one of our many decisions dealing with allegations relating to the competence of counsel.

The applicant also asserts that he was not properly committed and that he was not furnished by the Warden with a copy of his commitment papers. A civil remedy is provided for the latter. Code (1951), Art. 42, Sec. 13. He says that he was given a copy of the docket entries in his case, and not a formal commitment. This claim was not made below, and is not properly before us. *Roberts v. Warden,* 211 Md. 639, 126 A. 2d 857, above cited. We may add that we think there should have been a commitment, but the use of the docket entries would seem to constitute an error or irregularity which could be corrected, but which would not afford a ground for release on *habeas corpus. Reed v. Warden,* 212 Md. 645, 646, 129 A. 2d 92, and *Carter v. Warden,* 210 Md. 657, 124 A. 2d 574, *cert.* den., 352 U. S. 900.

*Application denied, with costs.*