# LAWRENSON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 68, October Term, 1956.]

*Decided April 5, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial, on November 29, 1956, of a writ of *habeas corpus* by Judge John T. Tucker, of the Supreme Bench of Baltimore City.

Petitioner was indicted with a co-defendant, Reva Walker, in an indictment, which charged them with forgery, uttering, false pretenses, and fraud in connection with a certain promissory note. This indictment was returned by the Grand Jury on March 22, 1956. They had been previously indicted on November 22, 1955, for forgery and false pretenses for the same offense, and on March 16, 1956, had filed a suggestion and affidavit for removal under their first indictment. The petitioner and his co-defendant were not tried under the

first indictment, and the trial under the later indictment was held on April 23, 1956, before Judge Anderson, in Montgomery County. At that time, the State abandoned the fourth count of the indictment, and the docket entries do not disclose that any motion for removal was filed with reference to this indictment. The defendants were tried before a jury and were found guilty under all three counts of the indictment, and, thereafter, were sentenced to confinement for the offenses committed.

The petitioner contends: (1) That he was denied his right to a change of venue; (2) that the Court abused its discretion in not continuing his case for the purpose of securing counsel; (3) that there was insufficient time and opportunity for the preparation of an adequate defense to the new indictment; (4) that he was not tried by an impartial jury; and (5) that his attorney was incompetent and lacked diligence.

(1) *The denial of a change of venue.* The petitioner's contention that he was denied the right of a change of venue goes to the regularity of the proceedings and was in the sound discretion of the trial court. Art. 75, sec. 109, of the Maryland Code (1956 Supp.). In the absence of proof that the trial court acted arbitrarily and abused, or refused to exercise the discretion vested in it, its action will not be reversed even on appeal. *Downs v. State,* 111 Md. 241, 73 A. 893; *Larch v. State,* 201 Md. 52, 92 A. 2d 463. The record fails to disclose any motion for a removal under the indictment on which the petitioner was tried. However, if there were any abuse of discretion in regard to the failure to remove, it should be cured by appeal and not by *habeas corpus.*

(2) *Failure to continue the case.* As stated above, the record does not disclose any motion for a continuance. The petitioner was represented by counsel and if there were any abuse of discretion by the trial court it should have been raised by appeal and not by *habeas corpus.*

(3) *Insufficient time and opportunity for preparation of defense to the new indictment.* Again, the petitioner was represented by counsel and there was no motion made that

requested a postponement of the trial in order to permit additional time for the preparation of a defense under the new indictment; and, as stated above, the offense charged in the second indictment was the same as that in the first with the exception that two counts were added, one of which was abandoned. This, too, is not properly raised under a petition for a writ of *habeas corpus.*

(4) *That he was not tried by an impartial jury.* The petitioner, being represented by counsel, made no request to examine the jurors on their *voir dire,* and made no objection in the trial court concerning any prejudice or partiality of any juror. If there were any error in the refusal to permit a juror to be questioned on his *voir dire,* or if there were any question of prejudice or partiality of a member of the panel of jurors, it should be raised by appeal and not by *habeas corpus.* Cf. *Barker v. Warden,* 208 Md. 662, 119 A. 2d 710.

(5) *Incompetence or ineptness of counsel.* A statement of incompetence or lack of interest of counsel, when it is shown that the appellant had the opportunity to complain to the court and did not, will not avail on *habeas corpus. Roberts v. Warden,* 206 Md. 246, 251, 111 A. 2d 597.

*Application denied, with costs.*