## BRIGMON *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 71, October Term, 1956.]

630

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

Isaiah Brigmon makes application to this Court for leave to appeal from the denial of a writ of *habeas corpus* by Judge Smith of the Circuit Court for Baltimore County on November 19, 1956. The petitioner was tried in Prince George's County before Judge Gray and a jury on a charge of carnal knowledge. He was convicted and sentenced to twenty years in the Maryland Penitentiary, dating from May 24, 1954.

The petitioner contends: (1) That perjury was committed at his trial; (2) that counsel was appointed, but that counsel did nothing for him; (3) that the indictment did not state the place or town where the offense occurred; (4) that the witnesses remained in the court room during the trial; (5) that the "jury was hung and the court would not dismiss the jury and order a mistrial, but ordered this jury to reach a verdict," and (6) that he is falsely and illegally imprisoned.

(1) *That perjury was committed at the trial.* This Court has previously held that, in the absence of facts that establish the knowing participation of the State's officers in the use of perjured testimony, the mere allegation that perjury was committed at the trial does not justify the issuance of the writ of *habeas corpus. Whitley v. Warden,* 209 Md. 629, 120 A. 2d 200. The petitioner alleges the State's officers told

the prosecuting witness the names of several places in Prince George's County and "put words in her mouth". This is not a sufficient allegation of facts to state the knowing participation of the State's officers in the use of perjured testimony so as to justify the issuance of a writ of *habeas corpus*.

(2) *Ineptness of counsel.* The alleged ineptness, lack of diligence or incompetency of counsel is not ground for the issuance of a writ of *habeas corpus,* in the absence of any allegations of fraud, bad faith or collusion by defense counsel with any State official. *Lawrenson v. Warden,* 212 Md. 664, 130 A. 2d 586.

(3) *Failure of the indictment to state the place or town where the offense occurred.* Petitioner makes no contention that the indictment did not charge the commission of the offense within the county where the indictment was returned, but complains that it did not name the place or town therein in which the offense was alleged to have occurred. This has never been required in the State of Maryland, and in *Laslo v. Warden,* 204 Md. 663, 103 A. 2d 342, it was stated that an allegation that an indictment is defective will not be considered on *habeas corpus.*

(4) *Witnesses remaining in the court room during the trial.* The record does not disclose that any motion was made to exclude the witnesses from the court room, and, unless this be done, there is no requirement that the court *sua sponte* shall do so. In any event, this would not be a sufficient ground for the granting of a writ of *habeas corpus,* but should be raised on appeal.

(5) *That the jury was not dismissed and a mistrial declared.* The length of time that a jury shall be required to deliberate upon a defendant's guilt or innocence is one that is within the sound discretion of the trial court, and, if there be any abuse of that discretion, the matter should be raised by appeal and not by *habeas corpus.*

(6) *That the petitioner is falsely and illegally imprisoned.* Under this heading the petitioner claims that the trial judge sentenced him without granting him a right to file an ap-

632

peal or a motion for a new trial. The petitioner was represented by counsel, and the filing of a motion for a new trial or an appeal is a matter of right and not one of judicial granting.

*Application denied, with costs.*