## HICKS v. WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 72, October Term, 1956.]

*Decided April 12, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

This is an application by Leroy Jefferson Hicks for leave to appeal from a denial of a writ of *habeas corpus* by Judge Lester L. Barrett of the Circuit Court for Baltimore County. Petitioner was convicted of armed robbery on August 31, 1955, in the Criminal Court of Baltimore and sentenced to twenty years in the Maryland Penitentiary.

Petitioner sets out a statement of the alleged facts in the case, and questions the weight and sufficiency of the evidence. Such questions cannot be raised on *habeas corpus*. *Williams v. Warden,* 211 Md. 621, 125 A. 2d 672.

Petitioner complains that force was used to obtain a confession. This goes to its voluntary character and such a question could be raised on appeal, but may not be reviewed on *habeas corpus*. *White v. Warden,* 211 Md. 623, 126 A. 2d 294.

The petitioner's complaint that his counsel did not properly protect his rights is not a ground for a writ of *habeas corpus* in the absence of any allegations of collusion or fraud with State officials, or objections raised in the trial court. *Davis v. Warden,* 211 Md. 617, 125 A. 2d 674.

Petitioner also complains that he was placed in double jeopardy because the police arrested him once, placed him in a police lineup, released him and then re-arrested him. This does not constitute double jeopardy. Even if it did, it could not be raised on *habeas corpus*. *Miller v. Warden,* 210 Md. 676, 124 A. 2d 286, and cases there cited.

*Application denied, with costs.*