TAYLOR *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 75, October Term, 1956.]

*Decided May 9, 1957.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Collins, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus*.

Petitioner was convicted in the Criminal Court of Baltimore on an indictment in four counts. The first count charged him on February 1, 1956, with unlawful possession of a narcotic drug and the second count with unlawful control of a narcotic drug. The third and fourth counts, under the provisions of Code, 1951, Article 27, Section 369, charged that he was convicted and sentenced for the crime of having in his possession and administering a certain narcotic drug on October 2, 1945, in Philadelphia, Pennsylvania, and sentenced to serve three to six years in the Eastern Penitentiary, and having been so convicted and sentenced, he was guilty of a second offense of the crimes charged in the first and second counts. He pleaded guilty and was sentenced to five years in the Maryland House of Correction.

Petitioner contends that his conviction violates "the *ex post facto* provision in the United States Constitution". Code, 1939, Article 27, Section 352, Chapter 59, Section 285V, Acts of 1935, provided that, for violation of the narcotic laws, for the first offense, the punishment should be a fine not exceeding $1,000.00 or imprisonment not exceeding three years, or both, and for a subsequent offense a fine of not more than $3,000.00 or imprisonment not exceeding five years, or both. By Chapter 466, Acts of 1951, Code, 1951, Article 27, Section 369, the penalty for the first offense was a fine of not more than $1,000.00 and imprisonment for not less than two or more than five years. Also, a provision was added making

the second offense apply to any previous conviction for violation of the narcotic laws of the United States or of any other state, territory or district, and providing for a fine of not more than $2,000.00 and for imprisonment for not less than five or more than ten years. Petitioner's contention seems to be that, at the time of his conviction in Philadelphia, the 1951 Act had not been passed. The statute under which petitioner was convicted in Maryland was passed over five years before the commission of the offense in Maryland to which he pleaded guilty, and the effect of the previous conviction was simply to increase the penalty for the second offense. He gives no further grounds, reasons or facts to support this contention. *Stokes v. Warden,* 205 Md. 629, 106 A. 2d 78. The same contention was made in *Beard v. Warden,* 211 Md. 658, 128 A. 2d 426. It was there held that a statute imposing a greater punishment on a previously convicted defendant does not create a new offense but only an added penalty and is prospective in operation, not retrospective, and is constitutional. See other cases there cited.

Petitioner further contends that as the Pennsylvania offense, for which he was convicted, was set out in the indictment when he was tried in Baltimore he was put in double jeopardy. As above stated, the first conviction simply increased the penalty for the second. He was tried here only for the second offense. Furthermore, he could have been given five years as a first offender. A claim of double jeopardy cannot be raised on *habeas corpus. Carter v. Warden,* 210 Md. 657, 124 A. 2d 574, and cases there cited.

*Application denied, with costs.*