## HART *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 4, September Term, 1957 (Adv.).]

*Decided June 7, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by Paul K. Hart for leave to appeal from the denial of a writ of *habeas corpus.*

Petitioner, through his attorney, contends that he was convicted in the Criminal Court of Baltimore on January 31, 1947, for the crime of assault with intent to rob with a deadly weapon and was sentenced to a term of fifteen years. He contends that the maximum sentence under the law for that crime was ten years under Chapter 449, Acts of 1931, 1939 Code, Article 27, Section 13, and since he has served ten years, he should be released. That Section provides in part: "Every person convicted of the crime of an assault with intent to rob, murder or have carnal knowledge of a female child under the age of fourteen years, shall be sentenced to confinement in the Maryland Penitentiary for not less than two years or more than ten years; * * * ."

Although the docket entries in this case show that petitioner was convicted of "assault to rob with a deadly weapon", the first count of the indictment, upon which he was found guilty, reads in part that the accused on December 16, 1946, "with a certain dangerous and deadly weapon, to wit, a pistol, in and upon one Albert Lane, feloniously did make an assault, with intent then and there him the said Albert Lane in bodily fear and danger of his life then and there feloniously to put, and certain monies and other goods and chattels of the said Albert Lane then and there being, from the person and against the will of the said Albert Lane then and there feloniously and violently to steal, take and carry away; contrary to the form of the Act of Assembly in

such case made and provided, and against the peace, government and dignity of the State."

Chapter 84, Acts of 1945, Code, 1947 Supplement, Article 27, Section 558A, in effect when the alleged crime was committed and at the time of trial, in prescribing the form of indictment for robbery with a dangerous or deadly weapon and "attempt to rob with a dangerous or deadly weapon" states that the indictment shall be substantially as follows: "* * * feloniously with a dangerous and deadly weapon did rob C-D (or did attempt with a dangerous and deadly weapon to rob C-D, as the case may be) and violently did steal (or attempt to steal, as the case may be) from him .......... dollars (here list property stolen); contrary to the form of the Act of Assembly in such cases made and provided and against the peace, government and dignity of the State." By Chapter 457, Acts of 1927, Code, 1939, Article 27, Section 558, in effect when the crime was committed and the case tried, the penalty for the crime of robbery "or attempt to rob with a dangerous or deadly weapon" was imprisonment in the Maryland Penitentiary for not more than twenty years.

The second count of the indictment was evidently the charge under Section 13, *supra*. It reads in part as follows: "* * * in and upon one Albert Lane, feloniously did make an assault, with intent then and there him, the said Albert Lane in bodily fear and danger of his life then and there feloniously to put and certain moneys and other goods and chattels of the said Albert Lane, then and there being, from the person and against the will of the said Albert Lane, then and there feloniously and violently to steal, take and carry away; contrary to the form of the Act of Assembly in such case made and provided and against the peace, government and dignity of the State."

Assuming, without deciding, that the alleged excessiveness of sentence can be considered on *habeas corpus, Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597, it is evident in this case that petitioner was convicted of attempt to rob with a dangerous or deadly weapon. Therefore, under the provisions of Section 558, *supra,* he could have been given the sentence of twenty years and, of course, the sentence of fif-

teen years was within the maximum. *Halderman v. Supt., Maryland State Reformatory for Males,* 195 Md. 699, 72 A. 2d 718.

*Application denied, with costs.*