COOPER *v.* WARDEN OF MARYLAND HOUSE
OF CORRECTION

[H. C. No. 14, September Term, 1957.]

630

Decided November 20, 1957.

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

Eric J. Cooper seeks leave to appeal from an order denying his petition for a writ of *habeas corpus* issued by Judge Manley sitting in the Baltimore City Court.

Cooper alleged two grounds upon which he based his original petition: (1) that his counsel was incompetent; (2) that he was not formally advised that his motion for a new trial had been denied.

1. *Alleged Incompetence of Counsel.*

This Court has held repeatedly that the alleged incompetence of counsel, in the absence of any showing of fraud, bad faith or collusion between defense counsel and the prosecution is not a sufficient ground for the issuance of a writ of *habeas corpus.* See, among our more recent holdings on this point, *Shields v. Warden,* 212 Md. 655, 129 A. 2d 72; *Hicks v. Warden,* 213 Md. 625, 130 A. 2d 761; *Brigmon v. Warden,* 213 Md. 628, 131 A. 2d 245.

2. *Alleged Lack of Formal Notice of Denial of Motion for New Trial.*

Cooper alleges that immediately upon being found guilty, he "filed for a new trial." Judge Manley's opinion refers to correspondence between Cooper and Judge Joseph L. Carter, before whom he was tried in the Criminal Court, on file in the records of that court in connection with the cases in which Cooper was convicted and sentenced.

Cooper was convicted on October 31, 1956. Each indictment contained a charge of forgery, but he was actually convicted on only one count of each indictment. Under the first

indictment he was convicted of an attempt to obtain $94.00 by false pretense, and under the second indictment he was convicted of obtaining a pair of shoes by false pretense. The docket entries show that on October 31, 1956, sentence was suspended pending a motion for a new trial. The docket entries do not, however, show any such motion to have been filed either then or later. The Rules of the Supreme Bench require such a motion to be filed in writing within three days after the verdict.

In a letter to Judge Carter, dated November 30, 1956, and postmarked the following day, Cooper stated that he wished to appeal from the verdict and that at the time of his trial he had asked that sentence be withheld, with the intention of employing counsel to take care of the new trial procedure. He went on to say: "However, I am, and was, unable to obtain funds, so I would like to continue my request for an appeal or a new trial in propria persona." On December 17, 1956, Judge Carter wrote to the petitioner stating that no motion for a new trial had been made within three days after the verdict, but that if Cooper could arrange to obtain funds for the preparation of the transcript of the record, which would cost $70.00, he would be glad to waive the three-day rule. Judge Manley's opinion states that evidently no further action was taken by the petitioner (Cooper) and that the records show that on January 8, 1957, he was sentenced under the first indictment to eighteen months in the House of Correction from September 27, 1956 [which, we presume, was the date of his arrest and imprisonment awaiting trial] and that he was also sentenced under the second indictment to a term of eighteen months to run consecutively with the first term.

In view of Cooper's correspondence with Judge Carter, which was filed with the records of these cases, it seems clear that his contention of lack of notice of the denial of his motion for a new trial is factually without substance, and it is therefore not necessary to consider whether it had any legal merit.

### 3. *Sentence for Attempted Offense Equal to Sentence for Completed Crime.*

On the same day when Judge Manley's opinion and order denying Cooper's petition were filed in the Baltimore City Court, Cooper mailed to the Clerk of the 'Court of Common Pleas, of Baltimore, what he called a "Supplement and Amendment" to his original petition, by which he sought to challenge the legality of his sentence. In accordance with the Rules of the Supreme Bench of Baltimore ·City, petitions for writs of *habeas corpus* filed in any of the courts of the City of Baltimore or with any of the judges thereof are referred to a judge sitting in the Baltimore City Court. Cooper's original petition had accordingly been referred to Judge Manley, and his "Supplement and Amendment" was transmitted to the office of the Clerk of the Baltimore City Court and was filed there on April 8, 1957. In view of this chronology it is, of course, not referred to in Judge Manley's opinion. Cooper's notice of his desire to appeal is dated April 8, 1957, and was received by the office of the Clerk of the Baltimore City Court two days later.

It seems that this question is not properly before us. *Walker v. Warden,* 209 Md. 654, 121 A. 2d 714; *Roberts v. Warden,* 211 Md. 639, 126 A. 2d 857.

Even if it were properly before us, Cooper's contention that his sentence for an attempt to commit a crime cannot be so great as the statutory maximum penalty for the substantive offense appears unsupportable. See *Casey v. Warden,* 198 Md. 645, 80 A. 2d 896. See also *Mitchell v. State,* 82 Md. 527, 34 A. 246; *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597.

### 4. *Non-Notification of Right to Appeal in Proper Person.*

In his brief in this Court Cooper asserts that: "It was the trial court's duty to have explained to the appellant that even if appellant was without counsel or without the means to perfect an appeal, that the appellant could after sentence appeal in proper person." No such contention was made before Judge Manley, and under the *Walker* and *Roberts* cases cited

above under heading 3, no such question is properly before us on this application.[1]

Whether Cooper intended by his brief to raise any point or question in connection with this phase of the case other than the contention that he should have been informed that he could take an appeal without counsel is not clear. After complaining of his counsel and of the sentence imposed, he says: "Appellant tried to obtain but did not have money to do so." Whether this refers to an effort to obtain the services of counsel or to obtain something else, we do not know. On the allegations of his petition and the supplement thereto —and even of his brief in this Court as well—we find no clear allegations of any denial of supposed rights under *Griffin v. Illinois,* 351 U. S. 12, and we do not undertake to pass upon any such matters on this record.

*Application denied, with costs.*

---

1. As to a contention somewhat similar to that which the appellant's brief seeks to raise, see *Finley v. Warden,* 211 Md. 650, 127 A. 2d 134, in which it was held that not notifying a defendant of his right of appeal was not the equivalent of denying him such a right.