## YOUNG *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 16, September Term, 1958.]

*Decided October 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application by John Austin Young for leave to appeal from the denial of a writ of *habeas corpus* by Raine, J., of the Circuit Court for Baltimore County.

The applicant was tried and found guilty on October 25, 1957, of armed robbery by a jury in the Criminal Court of Baltimore City (Warnken, J.). Sentencing was suspended pending a motion for a new trial, but such motion was not filed, and he was sentenced on October 31, 1957, to twenty years in the Penitentiary.

The applicant in his twenty page petition to Judge Raine assigned approximately fifteen reasons why he should be granted the writ. As was noted by Judge Raine, his contentions were so worded that it is difficult to understand with any degree of certainty of what the petitioner complains. Moreover, much of his petition to Judge Raine was devoted to a complaint that former Judge Michael Paul Smith erroneously denied a previous application for the writ, from which the petitioner appealed, but subsequently withdrew the appeal.

Judge Raine properly pointed out that most of his understandable contentions concerned the sufficiency of the evi-

dence which could not be inquired into on *habeas corpus*. Judge Raine was also of the opinion that the petitioner was not denied any of his constitutional rights and that there was no showing of any unfairness in his trial.

In his application for leave to appeal, the applicant presented only seven questions, one of which—that the trial judge failed to inquire of the petitioner when he was sentenced if there was any reason why judgment should not be imposed—was presented for the first time on this application, and cannot be considered here. *Wain v. Warden,* 215 Md. 650, 138 A. 2d 482 (1958).

In this Court the applicant contends that he was "denied his right to procedural due process" because: (i) an alleged accomplice was his only accuser; (ii) he was not placed in a police line-up for identification by his accuser; (iii) he was placed in double jeopardy by the insertion on the face of the indictment of the words "see previous case"; (iv) the State's Attorney presented (presumably to the Grand Jury) the evidence of his accuser, who held malice against the applicant; (v) his counsel committed fraud and deceived him when he filed a motion for a new trial and subsequently withdrew it without the applicant's knowledge or consent; and (vi) he was sentenced to twenty years for armed robbery whereas his alleged accomplice received only ten years for two armed robberies.

The first and second contentions relate to the sufficiency of the evidence and cannot be considered on *habeas corpus*. *Hicks v. Warden,* 213 Md. 625, 130 A. 2d 761 (1957).

The third contention is an assertion that the applicant was placed in double jeopardy, which cannot be raised on *habeas corpus*. *Taylor v. Warden,* 213 Md. 646, 131 A. 2d 720 (1957).

With respect to the fourth contention, the record shows that Joseph Ryles, the alleged accomplice and accuser, was not a witness before the Grand Jury, and the applicant in his petition to Judge Raine alleged that he was not called as a witness at his trial. It is therefore unnecessary to consider this contention further.

By his fifth contention the applicant asserts the ineptness

of his counsel and alleges that counsel deceived him with respect to a motion for a new trial. As already noted the docket entries show that sentencing was suspended pending a motion for a new trial, but they do not show that a motion was filed and hence it could not have been withdrawn as petitioner alleges. Furthermore, one of the exhibits filed by the applicant—a letter to the applicant from his counsel dated December 3, 1957—reminded the applicant that the attorney had advised his client immediately after the trial with respect to his right to file a motion for a new trial, and, after sentence had been imposed, of his right to file an appeal within thirty days from the date of sentencing. The mere assertion of the ineptness of counsel, absent an allegation of fraud or collusion with a prosecuting official, or an objection raised in the trial court, is not reviewable on *habeas corpus*. *Hicks v. Warden, supra.*

The sixth contention, which relates to the sentence, is also without merit. He was sentenced to twenty years, which, although the maximum, is within the statutory limit. See Code (1957), Art. 27, § 488; *Jones v. Warden,* 214 Md. 656, 136 A. 2d 377 (1957). The fact that an accomplice was sentenced for only ten years on two offenses has no bearing on the sentence given the applicant for a similar offense.

*Application denied, with costs.*