## RICE *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 16, September Term, 1957.]

*Decided October 28, 1957.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Collins, J., delivered the opinion of the Court.

This is an application for leave to appeal by Philip R. Rice from the denial of a writ of *habeas corpus.*

Petitioner was found guilty by Judge Carter in the Criminal Court of Baltimore on December 14, 1956, in three cases of accessory to a crime of robbery with a deadly weapon. He was sentenced to twenty years in each case to run consecutively.

Petitioner claims there was no evidence to connect him with the crime charged, and that he was "framed" by the police and did not have a fair trial. It has been stated many times by this Court that the sufficiency of the evidence can be reviewed only on direct appeal and not on *habeas corpus.* *Cunningham v. Warden,* 213 Md. 642, 131 A. 2d 394.

Petitioner further claims that he was placed in double jeopardy. This contention is apparently based on the fact

that he had been previously convicted of another crime. This does not constitute double jeopardy. Even if it did, it cannot be raised on *habeas corpus. Hicks v. Warden,* 213 Md. 625, 130 A. 2d 761, and cases there cited.

Petitioner alleges that he was illegally arrested. The irregularity of an arrest cannot be inquired into on *habeas corpus* after a trial and conviction. *Jackson v. Warden,* 211 Md. 599, 125 A. 2d 840; *Price v. Warden,* 212 Md. 661, 129 A. 2d 120.

Petitioner further claims that he was questioned by several police officers for several days. They would not let him call an attorney and he was mistreated by them. The allegation that statements were given to the police under duress is one that goes to the voluntary character of a statement or confession and can be raised on appeal but not on *habeas corpus. White v. Warden,* 211 Md. 623, 126 A. 2d 294. Furthermore, it is not shown in this case that a confession or statement was used against him.

Petitioner also complains that his court appointed attorneys did nothing for him at the trial. There is no allegation that he made any objection to the court about his trial. A mere allegation that an attorney is inept or incompetent is not sufficient on *habeas corpus* where petitioner had an opportunity to complain to the court about his attorney and did not do so. *Canter v. Warden,* 211 Md. 643, 127 A. 2d 139.

Petitioner further claims that he was promised by his attorneys and the police that, if he turned State's evidence, the charges against him would be dropped. He does not allege that he turned State's evidence and it appears that he did not do so. Furthermore, this matter cannot be raised on *habeas corpus.*

Petitioner further alleges that he asked his attorneys for a new trial and that they filed no such motion. This cannot be raised on *habeas corpus. Obenstine v. Warden,* 198 Md. 648, 80 A. 2d 610; *Bowen v. Warden,* 200 Md. 661, 90 A. 2d 174.

Petitioner also says that inadmissible evidence was admitted against him. This cannot be reviewed on *habeas corpus. Harley v. Warden,* 213 Md. 652, 132 A. 2d 129.

Petitioner also claims that his sentence was excessive. Assuming, without deciding, that the alleged excessiveness of sentence can be considered on *habeas corpus,* under the provisions of Code, 1951, Article 27, Section 574A, the maximum penalty for conviction of the crime of robbery with a deadly weapon, or accessory thereto, is twenty years in the Maryland Penitentiary. The sentences here were within that limit. *Hart v. Warden,* 213 Md. 658, 132 A. 2d 592.

Petitioner also contends that he asked the trial court for an appeal but was told by the trial judge that the matter was up to the Parole Board. He also claims that he has a letter to that effect from the trial judge. No such letter is filed in this case, and, according to the docket entries of the trial of the cases below, no such appeal was entered. These allegations are too vague to support the denial of, or interference with, the right of appeal, nor is there any allegation that any effort for an appeal was made within the time allowed by law. Cf. *Beard v. Warden,* 211 Md. 658, 128 A. 2d 426.

*Application denied, with costs.*