## GARNETT JONES *v.* STATE OF MARYLAND

[No. 291, Initial Term, 1967.]

372

*Decided November 10, 1967.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Michael F. Freedman* for appellant.

*Alan W. Wilner, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James B. Dudley* and *Edward Angeletti, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted of robbery with a deadly weapon, and assault with intent to murder, in the Criminal Court of Baltimore by Judge James K. Cullen, sitting without a jury. He was sentenced to terms of twenty and ten years, respectively, in the Maryland Penitentiary, the sentences to run concurrently. Appellant contends on this appeal (1) that the testimony of the State's rebuttal witnesses was improperly admitted, and (2) that the evidence was not legally sufficient to support the conviction.

It is well established that any competent evidence which explains, or is a direct reply to, or a contradiction of, material

evidence introduced by the accused may be produced by the prosecution in rebuttal, and that which constitutes rebuttal testimony in a criminal prosecution is a matter resting largely in the sound discretion of the trial court. *Lane v. State*, 226 Md. 81, 90, and cases therein cited. Here, appellant's defense was that he was not at the scene of the crime. The State's rebuttal testimony consisted of eyewitnesses who testified that appellant was at the scene and, in fact, committed the act. This evidence tended to contradict the defense, and its admission as rebuttal testimony was not improper.

Appellant's second contention, concerning the sufficiency of the evidence, is likewise unfounded. Appellant was identified as the perpetrator of the robbery by three eyewitnesses. Identification by a single eyewitness, if believed by the trier of facts, is sufficient to support a conviction. *Bennett and Flynn v. State*, 237 Md. 212; *Hutchinson v. State*, 1 Md. App. 362.

The identification here clearly supports the conviction.

*Judgment affirmed.*