## WILLIE JORDAN *v.* STATE OF MARYLAND

[No. 341, September Term, 1967.]

*Decided June 10, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Gerald A. Smith,* with whom was *John R. Hargrove* on the brief, for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph*

*Raymond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of robbery with a deadly weapon and sentenced to ten years under the jurisdiction of the Department of Correction. He contends on this appeal that the trial court committed reversible error when it admitted certain money into evidence without it having been properly identified as the property of the victim.

There was evidence showing that appellant and a confederate robbed Albert Wright, a cab driver, of $50.00, consisting of three five dollar bills, five one's, two ten's, and $10.00 in silver; that the robbers fled when the police suddenly arrived on the scene; that the officers, armed with the description of the robbers, searched the area in which they had fled; that they found the appellant approximately thirty minutes after the robbery, four blocks from the crime scene, hiding beneath a truck; that a search of his person uncovered $21.75, consisting of three five dollar bills, five one dollar bills, $1.75 in coin; and that the three five's and five one's had been secreted in appellant's left sock at the time of his arrest.

Appellant's contention is that there was no evidence to show that the money found on appellant at the time of his arrest, and introduced in evidence at the trial, was the same money as that taken from the robbery victim. We see no merit in this argument. It is elementary that evidence need not be positively connected with the accused or the crime committed in order to render it admissible; it is admissible where there is a probability of its connection with the accused or the crime, the lack of positive identification affecting the weight of the evidence, rather than its admissibility. *Daniels v. State,* 213 Md. 90; *Woodell v. State,* 2 Md. App. 433. We think that the evidence in this case is such as to indicate a probability that the money in question taken from appellant at the time of his arrest was part of the same money taken from the robbery victim. As indicated, appellant was identified as the robber by the victim, he was found hiding in close proximity to the scene of the

crime shortly after its commission, and the money, secreted in his sock, was similar in denomination to that taken from the victim. In 1 *Wharton's Criminal Evidence,* 12th Ed., § 204, it is stated:

> "When money is found in the possession of the defendant, it is generally held that it is unnecessary to identify the bills of money as having been the bills which had formerly been in the possession of the victim of the crime, or to trace the source of such money.
>
> "It has also been held that the corpus delicti must be first established before it can be shown that the defendant has money or property in his possession which it is claimed was obtained from the commission of the crime.
>
> "It is relevant to show the manner in which the defendant kept or spent the money or property, as the inference of guilt may increase with proof that the money or property was secretively kept."

In light of the above, we find no error in the court's admission of the money into evidence.

*Judgment affirmed.*