## JAMES EDWARD WILLIAMS *v.* STATE OF MARYLAND

[No. 212, September Term, 1967.]

*Decided July 23, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Benjamin L. Brown* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Raymond M. Faby* and *William R. Lenhard, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted of murder in the first degree and robbery with a deadly weapon by a jury in the Criminal Court of Baltimore and sentenced to life imprisonment on the murder charge and twenty years concurrent for the robbery offense. He contends on this appeal (a) that the trial judge erred in permitting the State's Attorney to impeach a defense witness by proof of prior contradictory statements without requiring that a proper foundation be laid, (b) that prejudicial error was committed when the State's Attorney, in his closing argument to the jury, commented on the absence of a defense witness, and (c) that the trial judge should have granted appellant's motion for judgment of acquittal and his motion for judgment N.O.V.

The evidence adduced at the trial showed that at approximately 12:45 a.m. on October 31, 1964, Leonard Lipsitz, owner and operator of a tavern in Baltimore City, was shot and killed during a holdup. Appellant was identified by two eyewitnesses as the person who shot the deceased. Two other State witnesses testified to appellant's presence in the tavern earlier on the

night of the crime. Appellant presented witnesses in his behalf whose testimony indicated that he was not in the tavern on the night of the crime, and that he was engaged in a card game with friends at the time the holdup and homicide occurred.

At the conclusion of all the testimony, including the State's rebuttal testimony, the appellant was permitted to call William Price as a witness in his behalf. Price testified that he was in the tavern approximately four to five hours prior to the holdup, but did not, at that time, see the appellant or the other State witnesses who testified to appellant's presence in the tavern on the night of the crime. After Price concluded his testimony, the State called in rebuttal a police officer who testified that shortly before the date of the trial, he spoke with Price who told him that he did not remember whether he was in the tavern on the night of the crime.

While appellant's contention that the State failed to lay a proper foundation for the impeachment of Price by his prior contradictory statement is well made, *Sanders v. State,* 1 Md. App. 630, we do not think that such failure so prejudiced the appellant as to constitute reversible error, since Price's testimony was itself of virtually no probative value and the State's impeachment of it therefore did no substantial harm to appellant's case.

Nor do we find merit in appellant's contention that reversible error was committed by the State's Attorney when, in closing argument, he commented to the jury relative to the absence of a missing defense witness. Appellant's objection to the State's Attorney's remarks was sustained and the court admonished the jury to ignore the comment. As appellant's objection was sustained, and as there was no motion for a mistrial, there is nothing before this court to review. See *Halstead v. State,* 4 Md. App. 121; Maryland Rule 1085.[1]

---

1. The witness in question was allegedly playing cards with the appellant at the time of the crime. Appellant apparently could not locate her at the time of trial and she was not therefore called as a witness. The State's Attorney, in his summation to the jury, mistakenly stated that this individual had been seen with another defense witness only a few days prior to trial. While there is nothing in the record to support the State's Attorney's statement to the jury,

Also without merit is appellant's contention that the court erred in not granting his motion for a judgment of acquittal offered at the end of the entire case. While there were some inconsistencies and discrepancies in the testimony of the State's witnesses, they were not of such a nature to be wholly contradictory and went only to the weight of their testimony. We hold that the testimony of the witnesses who identified appellant as the person who shot the deceased was clearly sufficient to carry the case to the jury, the alibi testimony offered by appellant being a matter to be weighed by the jury. See *Bury v. State,* 2 Md. App. 674; *Logan v. State,* 1 Md. App. 213.

After the jury's verdict was returned, the appellant filed a motion for judgment N.O.V., which was denied. Appellant now contends that the denial constituted error. We disagree. Quite apart from the fact that the evidence was clearly sufficient to support the conviction, we find no basis in the Maryland Rules for a motion for judgment N.O.V. in a criminal case tried before a jury. Maryland Rule 563 authorizing such motions is not applicable in criminal cases. Rule 701, entitled "Criminal Causes," provides that the rules in that Chapter are intended to provide for the just determination of every criminal case. There is no provision in Chapter 700 for a motion for judgment N.O.V. and it is clear from Rule 1, which delineates the applicability of the rules in Chapters 100-600, that Rule 563 does not apply to criminal cases.

*Judgments affirmed.*

---

we are satisfied that it was not an intentionally erroneous remark. The missing witness was located after the trial and testified on appellant's behalf on the motion for a new trial. Her testimony did not materially assist the appellant since it pertained to the night after the crime and therefore provided little value to the appellant's alibi.