## JAMES KELLER FELDER *v.* STATE OF MARYLAND

[No. 112, September Term, 1968.]

*Decided March 6, 1969.*

*Vernon G. Frame* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with

whom were *Francis B. Burch, Attorney General, Julian B. Stevens, Jr., State's Attorney for Anne Arundel County,* and *Ronald M. Naditch, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

PER CURIAM.

The appellant, James Keller Felder, was convicted of armed robbery and assault with a dangerous weapon by Judge George Sachse, sitting without a jury, in the Circuit Court for Anne Arundel County, and sentenced to serve three (3) years and six (6) months on the armed robbery conviction and one (1) year on the assault with a dangerous weapon conviction, to run concurrently.

The record indicates that shortly after 5:00 a.m. on March 1, 1967, two men walked into the office of the American Oil Company terminal in Anne Arundel County, one carrying a sawed-off shotgun and the other a tire iron. According to the testimony of Mr. Cohen, the cashier on duty at the time, the man with the tire iron ordered him to lie down on the floor, then took from a desk bags of money containing checks and cash in excess of eighty-five hundred ($8500) dollars and thereupon hit Mr. Cohen on the head rendering him unconscious. Mr. Cohen made a courtroom identification of the appellant as the man who wielded the shotgun.

Mr. Reese, a dispatcher, testified that the man with the sawed-off shotgun pointed the gun at him, told him to lie on the floor and thereafter he was knocked unconscious by a blow on the head. When he regained consciousness he observed "what looked like a piece of the gun, like the stock of the gun and it was lying right beside the pool of blood which was inside the circle of my arms * * *." This "piece of the gun" was offered into evidence by the State. Mr. Reese made an in-court identification of the appellant as the man with the shotgun.

Mr. Sutherland, an employee of the company, testified that as he drove onto the premises in his car at approximately 5:15 a.m. that morning two men came out of the office, approached his car and one of them pointed a shotgun at him and told him to get out. After the gunman inquired whether he had any

money, he was told to turn around and was then struck from behind, knocking him to the ground. At the trial below, he identified the appellant as the man with the gun.

The appellant took the stand and denied participating in the armed robbery or the assaults.

I

In this appeal, the appellant first contends that the in-court identifications were insufficient to sustain his convictions. He argues that Mr. Cohen and Mr. Sutherland had only seconds to observe the man with the gun and that Mr. Cohen did not give a description of the man to the police when they first arrived on the scene, although he did give one several days later at police headquarters. He also argues that although Mr. Cohen did identify the appellant at the preliminary hearing, Mr. Reese was unable positively to identify him at the preliminary hearing saying that the man was a little darker complected than the appellant. Mr. Sutherland was not asked to identify the appellant at the preliminary hearing.

It is well settled that the weight of the evidence and the credibility of the witnesses are for the trier of facts to determine. *Gunther v. State,* 4 Md. App. 181; *Poff v. State,* 3 Md. App. 289. Identification of the accused by the victim of a crime is sufficient to sustain the conviction. *Jordan v. State,* 4 Md. App. 349; *Tillery v. State,* 3 Md. App. 143. If there is a lack of positiveness in the identification, this goes only to the weight, not to the admissibility of the evidence, *Logan v. State,* 1 Md. App. 213, and it is for the trier of facts to determine the weight that such identification evidence shall be accorded. *Dortch v. State,* 1 Md. App. 173. It is clear from the record that the trial judge was convinced that the in-court identifications by the victims were accurate and we cannot say that in making this judgment he was clearly erroneous. Md. Rule 1086.

The appellant also argues that the in-court identifications were tainted since they were arrived at by the witnesses from the identification made by Mr. Cohen at the preliminary hearing. The record does not so indicate but, in any event, this is a matter primarily for the determination of the trial judge who weighs the evidence and judges the credibility of the witnesses.

Here the appellant was represented by counsel at the preliminary hearing and, thus, there was an opportunity to cross-examine the witnesses, observe the procedure followed, and he could note any impermissible suggestiveness on the part of the State in establishing the identification. By his presence, counsel was enabled to "reconstruct the manner and mode of * * * [the] identification for judge or jury at trial" which was one of the objectives sought to be accomplished by the mandates in *U. S. v. Wade,* 388 U. S. 218. The record shows that this is exactly the procedure pursued by defense counsel at the trial. It is evident that he was unable to persuade the trial judge that the in-court identifications were so tainted and we cannot disagree with his conclusion in this regard. *Tyler v. State,* 5 Md. App. 265.

The appellant next argues that since the identification at the preliminary hearing was made some five months after the commission of the robbery and assault, "some sort of identification was made in the time preceding the hearing" and he urges that the case be remanded to determine whether "there was some sort of identification made prior to the preliminary hearing * * * under circumstances which preclude unfairness and whether it in fact met the dictates of the *Wade* case itself." There is no factual basis in the record to support the suggestion that there were other extra-judicial identifications of the appellant. It is apparent from the record that the primary thrust of the appellant's defense at the trial below was the lack of sufficient proof surrounding the appellant's identity as the criminal agent. The appellant was afforded every opportunity to attack the identification and it would have been a relatively simple matter to establish at the trial the fact of any pre-trial confrontations with the appellant or any other extra-judicial procedures followed by the State to establish his identity. To remand the case for such an exploration would not preserve the orderly machinery of judicial administration and, on the record here, is not required to serve the ends of justice.

## II

The appellant contends that the trial court committed reversible error in granting the State's petition for a continuance

at the completion of the defense's case in order to procure a rebuttal witness. It appears that a State's witness, Richard David Herbert, had been summoned and returned *non est* two days before the trial with the indication that he was in the Armed Forces and stationed in North Carolina. The State's Attorney at the conclusion of the case for the defense requested that the case be continued in order to give him an opportunity to procure the attendance of Mr. Herbert. After listening to extended argument from both the State's Attorney and defense counsel,[1] the trial judge granted a continuance with the understanding that the State's Attorney would advise the court and defense counsel within one week if and when the witness would be available. The witness was available and the trial was resumed and concluded two weeks later.

The appellant recognizes the well-settled rule that the granting of a continuance lies within the sound discretion of the trial judge and that unless there has been an abuse of discretion, his action will not be set aside on appeal. *Walter v. State*, 4 Md. App. 373; *Bright v. State*, 1 Md. App. 657. He asserts, however, that there was an abuse of discretion because the court was not informed what facts the State intended to prove through the rebuttal witness or that there was a reasonable expectation that the witness could be procured or that his testimony was material. We disagree. It is true that the State's Attorney merely asserted that "Mr. Herbert is an essential witness to the State's case," but it was certainly evident to the court and defense counsel that the State was seeking, through the testimony of Mr. Herbert, to overcome the denial by the appellant that he had even known Mr. Herbert. Such testimony by Mr. Herbert was, thus, clearly material and relevant. Moreover, at no time did the court or defense counsel request the State's Attorney to proffer the substance of the proposed testimony of the witness. The suggestion that the court was uninformed as to whether there was a reasonable expectation that the witness could be procured is not accurate since the court expressly ordered that the State advise the court and defense counsel with-

---

1. The arguments consumed fifteen pages of the record transcript.

in one week, or sooner if possible, whether the witness would be available. Under all the circumstances, we cannot find that granting the continuance was so arbitrary or prejudicial to the rights of the appellant as to constitute an abuse of the trial judge's discretion in the matter.

## III

Finally, the appellant contends that the rebuttal testimony of Mr. Herbert went beyond the scope of the direct examination of the appellant; that it was both collateral and immaterial; and the allowance of it by the court was manifestly wrong and substantially injurious to the appellant.

The record indicates that a substantial part of Mr. Herbert's testimony was stricken out or not permitted because the lower court was of the opinion that such testimony, if admissible at all, should have been a part of the State's case in chief. The trial judge did permit the witness, over objection, to testify that he had known the appellant for about a year and a half; that during that period he had seen the appellant almost every day; and that approximately one month after the robbery and assaults, he had seen a sawed-off shotgun in the trunk of the appellant's car. He stated that it resembled a pirate's pistol and that the "front part of the stock underneath the barrel *** was broken." The appellant had previously testified that he had never owned a sawed-off shotgun or any other type of gun and, on cross-examination by the State, he stated that he did not know any individual named Richard David Herbert.

In *Jones v. State*, 2 Md. App. 371 this Court stated:

> "It is well established that any competent evidence which explains, or is a direct reply to, or a contradiction of, material evidence introduced by the accused may be produced by the prosecution in rebuttal, and that which constitutes rebuttal testimony in a criminal prosecution is a matter resting largely in the sound discretion of the trial court. *Lane v. State*, 226 Md. 81, 90, and cases therein cited. Here, appellant's defense was that he was not at the scene of the crime. The State's rebuttal testimony consisted of eyewitnesses who testified that appellant was at the scene and, in

fact, committed the act. This evidence tended to contradict the defense, and its admission as rebuttal testimony was not improper."

We are of the opinion that the holding in *Jones* is controlling here and that the rebuttal testimony was not improperly permitted.

*Judgments affirmed.*