ROBERT MILLER, JR. *v.* STATE
OF MARYLAND

[No. 410, September Term, 1968.]

*Decided June 30, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Thomas V. Miller, Jr.*, for appellant.

*James L. Bundy, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Arthur
A. Marshall, Jr., State's Attorney for Prince George's
County,* and *Raymond F. Ciarrocchi, Assistant State's
Attorney for Prince George's County,* on the brief, for
appellee.

ORTH, J., delivered the opinion of the Court.

This case brings into question the admissibility of judicial and extrajudicial identifications of an accused and the procedure to be followed when evidence of such identifications are challenged during trial. We discussed these matters at length in *Smith and Samuels v. State,* 6 Md. App. 59. We found that the general rules were that a judicial identification of an accused was admissible; that a witness' testimony as to a prior extrajudicial identification was admissible for the purpose of corroborating the witness and bolstering his credibility; that testimony by a third party as to an extrajudicial identification by an eyewitness was admissible when made under circumstances precluding the suspicion of unfairness or unreliability where the out-of-court declarant was present at trial and subject to cross-examination; that it was so admissible whether or not the out-of-court declarant made a positive in-court identification—thus being admissible as substantive evidence; that these rules were affected by the exclusionary rules enunciated in *United States v. Wade,* 388 U. S. 218 and *Gilbert v. California,* 388 U. S. 263 only as to personal confrontations between the witness and the accused declared by those cases to be illegal by the absence of counsel; that by *Stovall v. Denno,* 388 U. S. 293, a pre-trial confrontation, independent of any right to counsel claim, may be "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to make evidence of an identification thereat inadmissible as a denial of due process of law; that counsel is not required to be present at an identification by photographs; that as to the admissibility of evidence of such identification the rationale of *Stovall* applies. We noted that the rules of law of this State relating to identification existing prior to *Wade* and *Gilbert* are still effective as qualified by the exclusionary rules enunciated in those opinions.[1] 6 Md. App. pp. 63-67. As to procedure,

---

1. These exclusionary rules are summarized in *Smith* at p. 65. See also *Palmer v. State,* 5 Md. App. 691 and *Tyler v. State,* 5 Md. App. 265.

when the determination of the admissibility of challenged identification evidence is made during a trial before a jury, evidence on the issue shall be received out of the presence of the jury. The burden is on the defendant to show, *prima facie,* that the pre-trial confrontation or viewing of photographs was illegal, and if he so shows, the burden shifts to the State to show by clear and convincing evidence that it was legal. We concluded, 6 Md App. at 68:

> "If the court finds that the State has met its burden and that the pre-trial confrontation or viewing was legal, an in-court identification by the witness present at the pre-trial confrontation or viewing is admissible as substantive evidence. And if such witness made a pre-trial identification, his testimony to that effect is so admissible. And, the testimony of a third party present when the pre-trial identification was made is so admissible provided the out-of-court declarant is at the trial and subject to cross-examination; whether or not he makes an in-court identification. If the court finds that the pre-trial confrontation or viewing was illegal, any and all evidence of the pre-trial identification is *per se* inadmissible. The burden is then on the State to establish that the in-court identification offered had a source independent of the illegal pre-trial confrontation or viewing. It must do this 'by clear and convincing evidence' that the in-court identification is based 'upon observations of the suspect' by the witness other than the confrontation or photographic identifications." [2]

---

2. The test is that quoted in *Wong Sun v. United States,* 371 U. S. 471:
    "[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."
The test also applies to confrontations within the meaning of

We held that the determination of whether or not the pre-trial confrontation or viewing of photographs was legal was a matter for the court exclusively. But we added, 6 Md. App. pp. 69-70:

> "This is not to say that the defendant cannot cross-examine the State's witness making an in-court identification at the trial of the general issue, if he chooses, so as to bring out the circumstances surrounding a pre-trial identification by that witness even though the court had held the procedure by which the pre-trial identification was made to be illegal, nor does it prevent the defendant from introducing evidence on the matter as part of his case. Such evidence so elicited by the defendant is proper as affecting the weight of the identification evidence produced by the State and the credibility of the identifying witness, matters for the trier of fact."

The instant case was tried before a jury in the Circuit Court for Prince George's County. The appellant was found guilty of obtaining goods from Montgomery Ward and Co. by a false pretense [3] and sentenced to the jurisdiction of the Department of Correction for a period of 5 years, later reduced to 3 years by order of court. There was no pre-trial motion to suppress or exclude identification evidence but at the trial, during the direct examination of Ernest Taylor, a department manager of Montgomery Ward and Co., testifying in behalf of the State,

---

*Wade* other than lineups and as to the viewing of photographs. "If, applying the test, the court finds that the State has met its burden and that the in-court identification has an independent source, it is admissible as substantive evidence." *Smith and Samuels v. State, supra,* at 69.

On appellate review, the admission of evidence of identity, to be excluded by reason of an illegal pre-trial procedure, is prejudicial error unless, in any event, its introduction is found by the reviewing court to be harmless error beyond a reasonable doubt under the rule in *Chapman v. California,* 386 U. S. 18.

3. At the close of the evidence offered by the State the court granted a motion for judgment of acquittal as to forgery and uttering, charged in the other two counts of the indictment.

objection was made. The transcript of the proceedings reads:

"Q. (by Raymond F. Ciarrocchi, Assistant State's Attorney) Directing your attention back again to December 6th of last year, did you have occasion to see Mr. Robert Miller (the appellant) in the store?

MR. MILLER: (Thomas V. Miller, Jr., defense counsel) Objection, your Honor.

THE COURT: On what ground? That it is leading?

MR. MILLER: May we approach the bench, your Honor?

THE COURT: Yes.

(Whereupon, counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

MR. MILLER: He said, 'Did you see Robert Miller?' That is the first point. The second point is, there is a possibility here of a tainted pre-trial confrontation. We have no basis, no idea of showing how he knows Mr. Miller. Wade and Gilbert say we are entitled to find out what grounds he has.

THE COURT: I will sustain the objection. You will have to lay the ground work.

(Whereupon, counsel returned to the trial table and the following proceedings were had in open court:)

By Mr. Ciarrocchi:

Q. Directing your attention back to the 6th of December of 1967, did you have occasion to see this man (indicating) in your store?

MR. MILLER: Objection, your Honor.

THE COURT: I will sustain the objection.

MR. CIARROCCHI: May we approach the bench, your Honor?

THE COURT: Yes.

(Whereupon, counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

THE COURT: I think you could ask him if he ever saw the defendant before and lead up to the date.

MR. CIARROCCHI: Very well.

(Whereupon, counsel returned to the trial table and the following proceedings were had in open court:)

By Mr. Ciarrocchi:

Q. Mr. Taylor, have you ever seen this man before (indicating)?

MR. MILLER: Objection, your Honor.

THE COURT: I will overrule the objection.

THE WITNESS: Yes, sir.

By Mr. Ciarrocchi:

Q. When did you see him, sir?

MR. MILLER: Objection, your Honor.

THE COURT: Objection overruled.

THE WITNESS: About the first of December—around the first week sometime in December. He came into the Camera Department in our store and wanted to buy a Polaroid camera.

MR. MILLER: Objection, your Honor, to any further statements. He already answered the question."

There was no ruling on this last objection. It is clear that objection was timely made to the in-court identification by Taylor and that a primary ground for the objection was "a possibility here of a tainted pre-trial confrontation." At this point the appellant was entitled to the opportunity, out of the presence of the jury, to show *prima facie,* that a pre-trial identification procedure was illegal. He could do so by the testimony of such witnesses he desired to call or by cross-examination of the witness

through whom the in-court identification was to be offered or by such other relevant and competent evidence available to him. If he was able to do so, the burden would shift to the State to show by clear and convincing evidence that it was legal. We think it was the obligation of the trial court, in the light of the objection and the reason therefor, to provide this opportunity and the failure to provide it was reversible error.[4] In so holding we are not unaware that the allegation of the appellant in his brief that the court "refused to let counsel cross-examine the complaining witness out of the presence of the jury" was not established by the record before us. If such request was made and refused at a bench conference it was not transcribed. It would have been better had defense counsel stated for the record exactly what he desired to do and taken steps to preserve for or include in the record matters relevant to the issue.[5] But we cannot

---

4. Although our decision in *Smith and Samuels v. State, supra,* was filed subsequent to the trial in the instant case, we think that our conclusions therein as to the procedure to be followed were inherent in prior decisions of the Supreme Court, the Court of Appeals and this Court.

5. In his brief the appellant states:
"In the case at bar the appellant's counsel had been apprised of an extremely questionable photographic identification of the appellant in an answer the State's Attorney gave to the Appellant's Motion for Discovery and Inspection. In judicial chambers in the presence of the State's Attorney prior to trial Appellant's counsel had advised the trial judge that: 'this case involved a questionable pre-trial identification which could possibly taint the upcoming in-court identification.' Counsel was advised at that time by the trial judge that the Matter should not be disposed of before the trial began but that we would meet the problem when we came to it. Yet, when the in-court identification came up at trial, the Court overruled counsel's objection and refused to let counsel cross-examine the complaining witness out of the presence of the jury."
Prior to trial the record shows that the appellant filed a motion for discovery and inspection, requesting a bill of particulars, inspection of evidence, list of witnesses, copies of statements of witnesses and the defendant. It does not appear that the State filed an answer but we note that subsequently in a letter from the State's Attorney to defense counsel it was stated: "Full discovery, pursuant to Rule 728, will be provided informally at your request." The record does not show as to what defense counsel had been apprised or what occurred in judicial chambers prior to trial.

say, in the circumstances, that the appellant waived his right to show, out of the presence of the jury, if he could, that the in-court identification was inadmissible. And in the face of the objection, the lower court admitted the in-court identification absent sufficient evidence to establish that it was properly admissible. Nor can we determine from the record, as we did in *Bailey v. State,* 6 Md. App. 496, that the extrajudicial identification here was legal.[6] And we cannot say, on the evidence here, assuming that the extrajudicial identification procedure was illegal, that the admission of the judicial identification was harmless beyond a reasonable doubt, as it established the criminal agency of the appellant. We feel that the appellant must be afforded a new trial. If on remand the admission of the judicial identification is challenged by proper motion before trial or by timely objection at trial, the issue may be determined under proper procedures with appropriate findings by the lower court. The lower court should find whether the appellant showed *prima facie* whether the pre-trial viewing of photographs was illegal and if he so showed whether the State then established by clear and convincing evidence that it was legal, and if illegal whether the judicial identification had a source independent of the pre-trial viewing of photographs so as to be properly admissible in any event. It is by following the proper procedures and making the appropriate findings that the appellant is guaranteed his constitutional right to a fair trial which we cannot say he received on the record now before us.

---

6. The in-court identification being admitted, the State proceeded with its case. As part of the appellant's case he called a detective of the Prince George's Police Department. On cross-examination of this witness by the State, in explaining why a sample of the appellant's handwriting had not been obtained, as established on direct examination, it was elicited, over objection, that the witness making the judicial identification had made an extrajudicial identification of the appellant from "a group of pictures." When asked how many pictures were shown to the witness, objection was made and overruled but the question was not answered. At a bench conference the Assistant State's Attorney said, "I think its pretty tenuous. I will withdraw the question." The matter was not further pursued.

In view of our holding we do not decide the other questions presented on this appeal.

> *Judgment reversed; case remanded for a new trial.*