# CLINTON F. DORSEY *v.* STATE OF MARYLAND

[No. 297, September Term, 1969.]

*Decided March 4, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*William K. Connor* and *Victor J. D'Avella* for appellant.

*Francis X. Pugh, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Edwin H. W. Harlan, Jr., State's Attorney for Harford County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Clinton F. Dorsey (appellant) was found guilty of robbery by a jury in the Circuit Court for Harford County.

We do not consider those questions which he presents which go to the denial of a motion for judgment of acquittal made at the close of the evidence offered by the State. We point out again that the rule in this jurisdic-

tion is that he withdrew the motion by thereafter offering evidence. Maryland Rule 755 b. The remaining questions involve alleged error by the lower court in denying:

   I  a motion to restrict the testimony of a witness;

  II  a motion for judgment of acquittal made at the close of all the evidence; and

III  a requested instruction.

## I

Appellant sought to suppress an anticipated judicial identification of him as one of the robbers by Mrs. Robert Fletcher, wife of the robbery victim. As we construe the record, and we find verification for our construction in appellant's brief, a motion to that effect was presented to the court in writing when Mrs. Fletcher was called to the stand by the State. The only ground stated in the motion, and the only ground for the suppression of the anticipated judicial identification by the witness as disclosed by the record, was that Mrs. Fletcher had been unable to identify appellant at a pretrial lineup in which he appeared.[1] That the prospective identifying witness had not made an identification of appellant at a pretrial confrontation would not render a judicial identification of him by her inadmissible. *Barnes v. State,* 5 Md. App. 144. It would go, not to the admissibility of the judicial identification, but to its weight and the credibility of the identifying witness. These were matters for the jury. *McCoy v. State,* 8 Md. App. 127; *Felder v. State,* 6 Md. App. 212; *Carroll v. State,* 3 Md. App. 50. Appellant was en-

---

1. The motion is included in the record. The transcript merely shows that after Mrs. Fletcher had been sworn and gave her name and address defense counsel told the court he had a motion to offer "prior to Mrs. Fletcher giving any testimony." The transcript reads:
    "(DISCUSSION AT BENCH. ALL COUNSEL PRESENT)
        THE COURT: Let the record show that a motion was made by the Defendant and denied as to identification."
The examination of the witness then continued.

titled to bring before the jury the fact of the previous inability of the witness to identify appellant and he did so in his cross-examination of the witness. Appellant made no objection at trial to the procedure followed with regard to the judicial identification. We note that had he made request, he could have been permitted, in the court's discretion, to be seated among the spectators in the courtroom, rather than at the trial table, in such manner that he would not stand out [2] but he made no such request. After the motion was denied and the point was reached in the examination of Mrs. Fletcher where she was called upon to make an identification, appellant objected. Although the question as presented by appellant goes only to the denial of the motion, he suggests in argument in his brief that the court erred in overruling the objection. He stated no grounds for the objection and was not required to do so absent a request by the court, Rules 522 d 1 and 725 f. But there was no more before the court on the issue at that point than was before it at the time the motion was denied. The ground stated in the motion no more supported the objection to the actual admission of the judicial identification than it supported the motion to suppress it. We find no error in the denial of the motion to suppress the judicial identification of appellant by Mrs. Fletcher or in the overruling of the objection to its admission.

Appellant also contends in the argument in his brief that the court erred in not following the procedure set out in *Smith and Samuels v. State*, 6 Md. App. 59 and discussed in *Miller v. State*, 7 Md. App. 344.[3] But such pro-

---

2. The witnesses were excluded at his request. Rule 753.

3. *Smith and Samuels* was decided 10 February 1969. Appellant's trial commenced 5 March 1969. The procedure is that when the determination of the admissibility of challenged identification evidence is made during a trial before a jury, evidence on the issue shall be received out of the presence of the jury. The burden is on the defendant to show, *prima facie*, that the pretrial confrontation or viewing of photographs was illegal, and if he so shows, the burden shifts to the State to show by clear and convincing evidence that it was legal. The determination of legality *vel non* is a matter for the court exclusively. *Miller v. State. supra*, at 346-348.

cedure is invoked when a judicial identification is challenged on the ground that it may be tainted by an *illegal* pretrial confrontation or viewing of photographs at which an extra judicial identification was made by the prospective identifying witness. This was not the ground before the court when it ruled. In fact the legality *vel non* of the lineup here was not material because the witness made no identification thereat, and thus that pretrial confrontation could not taint the in-court identification in any event. And there was nothing before the court when it ruled to indicate that there had been an illegal viewing of photographs by the witness.

The procedure is also invoked when proper challenge is made to an identification made at a pretrial confrontation or viewing of photographs and offered by the State as independent evidence of identification or as corroborative of a judicial identification. Here the State adduced, through the testimony of William P. Van Horn, Deputy Sheriff of Harford County, that Mrs. Fletcher had identified appellant as one of the robbers at a pretrial viewing of photographs. Appellant made timely objection to this testimony, but he did so only on the ground that the evidence sought was hearsay. The court overruled the objection. On the objection as made there was no need to receive evidence on the matter out of the presence of the jury. The evidence sought by the State was properly admissible. The rule is that evidence of an identification at a pretrial confrontation or viewing of photographs is admissible as substantive, independent evidence of identification or as corroborative of a judicial identification, not only when received through the testimony of the out of court declarant, but also when received through the testimony of a police officer or some third party observing the extrajudicial identification, when the out of court declarant is present at the trial and subject to cross-examination. *Smith and Samuels v. State, supra,* at 63-64. Mrs. Fletcher was present at the trial and subject to cross-examination. So on the ground advanced by appellant the extra judicial identification challenged was not

inadmissible and the court did not err in overruling the objection.

Appellant now suggests that the photographic viewing procedure was illegal. But this issue was not tried and decided below and is not properly before us. Rule 1085. We point out that if the lower court determines that a pretrial confrontation or photographic viewing procedure was illegal, then the exclusionary rules of *United States v. Wade*, 388 U. S. 218 and *Gilbert v. State of California*, 388 U. S. 263 govern the admission of a judicial identification and an extra judicial identification.[4] A photographic viewing procedure is illegal if, on the totality of the circumstances surrounding it, it was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U. S. 377, 384. It is not rendered illegal by the absence of counsel for the accused. *Barnes v. State, supra.* If the court determines that the photographic viewing procedure was illegal, evidence of identification at such viewing is *per se* to be excluded, and if admitted, it is prejudicial error, unless in any event its introduction was harmless beyond a reasonable doubt. *Smith and Samuels v. State, supra,* at 65.

We note that here the Deputy Sheriff conducting the photographic viewing procedure described its conduct in detail. We think that on the evidence before the lower court it could have properly found that the procedure resulting in the identification of appellant by Mrs. Fletcher from photographs shown her was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification and that it was legal. Appellant claims that it was illegal because in the book of photographs shown Mrs. Fletcher, photographs of appellant appeared alone on one of the pages. The book was admitted in evidence. It contained photographs of eleven persons, all negroes, each in full face and profile. All the

---

4. The exclusionary rules are summarized in *Smith and Samuels v. State, supra,* at 65. See also *Palmer v. State,* 5 Md. App. 691 and *Tyler v. State,* 5 Md. App. 265.

photographs were of the same type and that of appellant was in no way dissimilar to the others. Nor were his physical characteristics in any way remarkable so as to stand out from the other persons depicted. It is correct that the photographs of the other persons were mounted two to a page, but we do not believe that this alone, in the totality of the circumstances surrounding the procedure, would compel a determination that the procedure was illegal. The jury could consider that fact in weighing the identification. We could not say, that on the evidence before the trial court, a finding by it that the photographic viewing procedure was legal would be clearly erroneous in any event.

II

The testimony of Mr. and Mrs. Fletcher was sufficient to establish the *corpus delicti* of the robbery as charged and we do not construe appellant's argument as contending that it was not. We find that their testimony was also sufficient to establish the criminal agency of appellant. Mr. Fletcher made a positive in-court identification of appellant as one of the robbers and this would have been sufficient to allow the case to go to the jury on the question of appellant's criminal agency even without the positive judicial identification of appellant by Mrs. Fletcher.[5] *Barnes v. State, supra; Williams v. State,* 4 Md. App. 558. Alleged inconsistencies in the testimony of the State's witnesses went only to the weight of the evidence. *Johnson v. State,* 4 Md. App. 648. And see *Wilkins v. State,* 5 Md. App. 8. The rule of *Kucharczyk v. State,* 235 Md. 334 applies to material inconsistencies within the testimony of a witness, not to inconsistencies between the testimony of two or more witnesses which are to be resolved by the trier of fact. *Johnson v. State,* 3 Md. App. 219.

In the instructions to the jury the court, in explaining the possible verdicts, said that if the jury found the de-

---

5. *Testi de visu praeponderat aliis,* or more emphatically, *testis oculatus unus plus valet quam auriti decem.*

fendant guilty of robbery they "need not go any further because all the other offenses merge into that as the more serious offense." It further explained, "If you find him not guilty of robbery, you cannot find him guilty of assault with intent to rob, because all the evidence has been there has been a taking of property—personal property." See *Tender v. State*, 2 Md. App. 692; *Price v. State*, 3 Md. App. 155. Out of the presence of the jury defense counsel suggested that the court grant a motion for judgment of acquittal on the count charging assault with intent to rob charged in the second count, because "I could see no possibility whatsoever from Your Honor's instructions on the verdicts that they could come in with any verdict on assault with intent to rob." The court then told the jury that by the instructions he had given them he had, in effect, directed a verdict of not guilty as to the second count since if they found appellant guilty of robbery they could forget the other counts and if they found him not guilty of robbery, he would not be guilty of assault with intent to rob because all the evidence indicated that there had been a taking of personal property. Appellant now claims that as to all intent and purposes appellant was acquitted of the lesser offense of assault with intent to rob, the conviction of robbery may not lie. We do not agree.

We have consistently held that the doctrine of merger, which may be applied to avoid multiple convictions at the same trial, does not apply where there is an acquittal of the lesser crime and a conviction of the greater crime at the same trial, or conversely. *Tyler v. State*, 5 Md. App. 158; *Beard v. State*, 4 Md. App. 685; *Bryant v. State*, 4 Md. App. 572. And here, assuming that the court did acquit appellant under the second count, although a motion for judgment of acquittal as to that count was not specifically granted, it is clear that it was not by reason of any insufficiency of the evidence but because the evidence showed that property had been stolen so as to consummate a robbery. The charge as to the second count cannot be construed as a finding by the court of *insuf-*

*ficient* evidence of assault with intent to rob as a base for the charge of robbery. See *Johnson v. State,* 238 Md. 528.

### III

After the court had charged the jury, and out of their presence, defense counsel stated to the court that he had requested the following instruction:

> "The jury is instructed that the evidence must either show directly the fact to be proved or support a rational inference of the fact. In a criminal case the facts must be shown, or the inference supported, beyond a reasonable doubt or to a moral certainty, or a reasonable doubt of the opposite fact must be created. Before a verdict of guilty is justified, the circumstances, taken together, must be inconsistent with, or such as to exclude every reasonable hypothesis or theory of innocence."

He excepted to the court not giving it as requested.

The court had fully instructed the jury on the presumption of innocence and the burden of proof, correctly stating the applicable law. Language to the effect that "before a verdict of guilty is justified, the circumstances taken together, must be inconsistent with, or such as to exclude every reasonable hypothesis or theory of innocence" has been approved in the past, but as applicable, in any event, only when the evidence was *solely* circumstantial.[6] It is clear that here the evidence was not solely circumstantial; both the *corpus delicti* and criminal agency of appellant were established by direct evidence. That appellant presented the defense of alibi did not make the evidence adduced against him circumstantial. And in *Metz v. State,* 9 Md. App. 15 (1970), we said that the language impressed upon the general test for the sufficiency of the evidence when the evidence is solely circum-

---

6. We traced the history of this language in *Nichols v. State,* 5 Md. App. 340.

stantial did not refine the general test, there being only a semantic and not a substantive distinction. We found that the rule as to the sufficiency of the evidence had the same denotative meaning with or without the additional language. In short, if the evidence shows directly, or circumstantially or supports a rational inference of, the facts to be proved from which the trier of fact could fairly be convinced beyond a reasonable doubt of the defendant's guilt of the offense charged, it would justify a conviction.

We find that the instructions here given to the jury sufficiently informed them with regard to the sufficiency of the evidence necessary to convict the appellant and that there was no error in refusing to grant the specific instruction requested.

*Judgment affirmed.*