472 A.2d 482

**Paul Eugene HAWKINS, Jr.**

v.

**STATE of Maryland.**

**No. 688, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

March 9, 1984.

Certiorari Granted June 27, 1984.

David P. Sutton, Assigned Public Defender, with whom was Alan H. Murrell, Public Defender on the brief, for appellant.

Mary N. Humphries, Asst. Atty. Gen. with whom were Stephen H. Sachs, Atty. Gen. of Maryland, Andrew L. Sonner, State's Atty. for Montgomery County and Robert L. Dean, Asst. State's Atty. for Montgomery County on the brief, for appellee.

Submitted before MOYLAN, LOWE and GETTY, JJ.

GETTY, Judge.

On March 1, 1983, Paul Eugene Hawkins, Jr., appellant, was convicted in the Circuit Court for Montgomery County of robbery with a dangerous weapon. Prior to sentencing the State filed notice of its intention to seek imposition of a mandatory sentence under Article 27, Section 643B of the Annotated Code. The trial court, pursuant to the statute, sentenced appellant to a term of twenty-five years imprisonment without possibility of parole.[1] This appeal followed.

Appellant alleges that he is ineligible to receive an enhanced sentence, because his two prior convictions for daytime housebreaking in 1977 and 1979 were not "crimes of violence" at the time they were committed. The statute, Article 27, Section 643B(a), did not include housebreaking as a crime of violence until it was amended in July, 1982. If the amended statute, in effect at the time of the present offense, is construed to embrace the former convictions, appellant insists he would be the victim of cruel and unusual

---

1. Except in accordance with the provisions of Article 31B, Patuxent Institution, Section 11, Release from Institution.

punishment and would suffer the consequences of an *ex post facto* law. He may suffer from the prospect of spending the next twenty-five years in prison, but not for the reasons he advocates.

Article 27, Section 643B(c) provides:

(c) Third conviction of crime of violence.—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.

■ Other than alleging cruel and unusual punishment, appellant has neither briefed nor argued the point. We shall treat that issue as having been abandoned. The Supreme Court defined an *ex post facto* law in *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) in the following language:

The *ex post facto* prohibition forbids the Congress and the States from enacting any law which imposes a punishment for an act which is not punishable at the time it was committed, or imposes additional punishment to that then prescribed.

Appellant's situation is clearly not the result of being punished for earlier crimes. The punishment is for the most recent crime with an enhanced sentence predicated upon prior offenses that were crimes of violence by statute at the time of the most recent offense. The revisions in Article 27, Section 643B(c) had no application to appellant unless and

until he committed another crime of violence. Appellant committed a robbery in September, 1982. At that point in time daytime housebreaking was a crime of violence by reason of Chapter 479 of the Laws of Maryland, effective July 1, 1982. The amended statute resulted in a mandatory sentence for the September robbery.

The purpose of habitual offender statutes is twofold: to protect the public from assaults upon people and property and to deter those with criminal records from perpetrating other criminal acts under the threat of an extended period of confinement. The cases construing such statutes, however, make clear that the punishment is for the new crime only, but is heavier if the defendant is an habitual criminal. *See McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); *Funk v. State,* 427 N.E.2d 1081 (Ind.1981); *Ex Parte Zee,* 13 N.J.Super. 312, 80 A.2d 480 (1951); *State v. Freitas,* 61 Hawaii 262, 602 P.2d 914 (1979).

In *Gryger, supra,* the Supreme Court rejected a claim that a statute was retroactively invalid where one of the convictions that entered into the calculations occurred before the Act was passed. Our Courts have reached the same conclusion in cases involving repeat offenders in narcotics convictions under Article 27, Section 293. In *Torres v. Warden,* 227 Md. 649, 175 A.2d 594 (1961), the Court dismissed an *ex post facto* argument where a 1951 amendment increased the penalty for a second narcotics offense and the first offense was committed prior to the amendment. Similarly, in *Taylor v. Warden,* 213 Md. 646, 131 A.2d 720 (1956), a defendant contended that a 1945 narcotics conviction in Philadelphia occurred before a 1951 amendment to Article 27, Section 369, which made the second offender provision apply when the previous narcotics conviction was under federal law or the law of another state. The Court stated:

The statute under which petitioner was convicted in Maryland was passed over five years before the commission of the offense in Maryland to which he pleaded guilty, and

the effect of the previous conviction was simply to increase the penalty for the second offense.

We hold that appellant was properly sentenced to a twenty-five year term of imprisonment where his most recent crime of violence was preceded by two prior convictions for daytime housebreaking that were not crimes of violence under Article 27, Section 643B(a) when committed, but were included in the statute prior to the commission of the third offense for which appellant is being sentenced.

JUDGMENT AFFIRMED.

Costs to be Paid by Appellant.