483 A.2d 1320

**William M. BLANDON**

v.

**STATE of Maryland.**

**No. 223, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Nov. 19, 1984.

Gary S. Offutt, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender of Maryland on the brief, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen. of Maryland, Kurt L. Schmoke, State's Atty., for Baltimore City and Mark Cohen, Asst. State's Atty., for Baltimore City on the brief, for appellee.

Submitted before BISHOP, ADKINS and GETTY, JJ.

GETTY, Judge.

Appellant William M. Blandon was tried by a jury in the Circuit Court for Baltimore City (Arabian, J.) and convicted of attempted rape in the second degree. He was sentenced to twenty-five years imprisonment without possibility of parole. Blandon contends, in this appeal, (a) that he is entitled to a new trial by reason of the prosecutor's commenting on his failure to testify, (b) that he could not be sentenced as a subsequent offender under the enhanced penalty statute, Md.Ann.Code art. 27, § 643B (Supp.1984) because attempted rape in the second degree is not a "crime of violence" under that statute, (c) that his prior convictions predating the enactment of Section 643B cannot be used to enhance his sentence. We reject Blandon's contentions and affirm the judgment of the Circuit Court.

I

During the opening statements, defense counsel stated that Blandon would take the stand and described to the jury what he would say. At the close of the evidence, however, Blandon elected not to testify. The trial judge advised counsel that she would instruct the jury on the defendant's right to remain silent and that the opening statement should not be considered by the jury in any way. During the closing arguments, defense counsel stated that the defendant has a right to remain silent and that the jury is

not to infer guilt from his election not to testify. In closing argument, counsel for the State said to the jury:

> "... you ladies and gentlemen sat here yesterday afternoon and the defense got up here in their opening statement and said the defendant will testify to such and such. Did you hear any of that? No, of course not.

[DEFENSE COUNSEL]: Objection.

THE COURT: Overruled.

[PROSECUTOR]: And the defense tells you the reason it is not done is because the State has a bad case or something like that. Are you going to buy that. Don't you think there might be some other reasons.

[DEFENSE COUNSEL]: Objection.

THE COURT: Sustained.

[PROSECUTOR]: The point is, ladies and gentlemen, that doesn't go for or against him but it doesn't go in his favor and don't let the defense tell you that because it ain't right and it isn't the way the law is."

Defense counsel requested no further relief in the form of either a motion to strike, for mistrial, or other cautionary instructions. After closing arguments, the court instructed the jury that the defendant has a right not to testify and no inference is to be drawn because of the defendant's absence from the stand.

■ The State's initial comment on Blandon's failure to testify referred to appellant's opening statement indicating that "he is going to tell you a different story." Appellant's counsel then proceeded to outline the chronology of events that appellant would relate. In *Eastman v. State*, 47 Md.App. 162, 422 A.2d 41 (1980), we said:

> "[i]f it is not unreasonable to permit the defense to comment upon the State's shortcomings in producing prosecutorial evidence, we can hardly preclude a reciprocal right for the State 'to call attention' to the failure of a defendant to come forward with that which he promised to produce."

The State's comment was a permissible neutral reference regarding the evidence that implicitly referred to appellant's silence. *Eastman, supra; Hutchinson v. State,* 41 Md.App. 569, 398 A.2d 451 (1979).

■ Appellant's objection to the State's second comment concerning appellant's not testifying was sustained by the trial court. Absent a motion to strike, a request for mistrial or a further cautionary instruction, there is nothing for us to review. Md.Rule 1085, *Williams v. State,* 4 Md.App. 558, 244 A.2d 476 (1968).

## II

■ Blandon was sentenced as a repeat offender under Maryland's enhanced penalty statute, Md.Ann.Code art. 27, § 643B (Supp.1984), which imposes a mandatory sentence of twenty-five years imprisonment for any person who is convicted a third time of a "crime of violence." Blandon argues that his conviction of attempted rape in the second degree is not a "crime of violence" as defined by Section 643B(a). The statute reads as follows:

(a) "Crime of violence."—As used in this section, the term "crime of violence" means abduction; arson; burglary; daytime housebreaking under Sec. 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; and assault with intent to rape.

Blandon argues that because the statute does not specifically list second degree rape as a "crime of violence," his conviction for attempted rape in the second degree cannot be used to invoke the mandatory sentence of Section 643B(c). We reject this argument and hold that second degree rape is a "crime of violence" within the meaning of Section 643B(a).

The original Section 643B became effective on July 1, 1975 and defined "crime of violence" as meaning "abduction; arson; kidnapping, manslaughter, except involuntary manslaughter; mayhem; rape; and robbery; or an attempt to commit any of these offenses." Laws of Maryland 1975 Ch. 253, effective July 1, 1975. At that time, the Maryland rape statute was primarily a sentencing law, fixing the penalties without actually defining the crime. *Goldberg v. State,* 41 Md.App. 58, 395 A.2d 1213 (1979). The common law crime of rape was generally defined as "the act of a man having unlawful carnal knowledge of a female over the age of ten years by force without the consent and against the will of the victim." *Hazel v. State,* 221 Md. 464, 157 A.2d 922 (1960); *Coward v. State,* 10 Md.App. 127, 268 A.2d 508 (1970).

In 1976, the Maryland legislature enacted comprehensive legislation which codified and structured by degree rape and other sexual offenses. Md.Ann.Code art. 27, § 461, *et seq.* Section 462 of the Act, entitled First Degree Rape, codifies the common law definition of rape in non-gender specific terms. Md.Ann.Code art. 27, § 462; Note, "Rape and Other Sexual Offense Law Reform in Maryland 1976–1977," 7 U.Balt.L.Rev. 151, 159 (1977). The distinguishing feature of first degree rape is the presence of aggravating circumstances such as the use or display by the offender of a dangerous or deadly weapon. Section 462(a)(1); the infliction of suffocation, strangulation, disfigurement, or serious physical injury, Section 462(a)(2); the offender's threatening or placing the victim in fear that the victim or any person known to the victim will be imminently subjected to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping, Section 462(a)(3); or the offender's committing the offense aided or abetted by one or more persons. Section 462(a)(4).

Section 463 defines Second Degree Rape as follows: "a. *What constitutes*—A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) by force or threat of force against the will and without the consent of the other person; or

(2) who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless; or

(3) who is under 14 years of age and the person performing the act is at least 4 years older than the victim."

■ When the legislature enacted the original enhanced penalty statute there was no need to specify that it applied to both degrees of rape for the simple reason that there was only one degree of rape at that time. Section 643B does, however, specify that a "crime of violence" includes both first and second degree sexual offense. The crimes of second degree rape, *see supra,* and second degree sexual offense, Md.Ann.Code art. 27, § 464A (1982), are identical, except that second degree rape refers to "vaginal intercourse" whereas second degree sexual offense refers to "sexual act." We cannot believe that the Maryland legislature would intend that a "crime of violence" under Section 643B include second degree sexual offense and not include second degree rape. The cardinal rule in the construction of statutes is to effectuate the real and actual intention of the legislature, *State v. Fabritz,* 276 Md. 416, 421, 348 A.2d 275 (1975). Therefore, we conclude that the term "rape" as employed in Section 643B(a) defining "crime of violence" includes both first and second degree rape.

### III

■ Appellant's third contention is that his two prior convictions of crimes of violence under Section 643B cannot be used to enhance his sentence under that section because the prior convictions, occurring in 1966 and 1975, took place before the effective date of Section 643B. A similar argument was rejected by this Court in *Hawkins v. State,* 58 Md.App. 91, 472 A.2d 482, *cert. granted* 300 Md. 154, 476 A.2d 723 (1984).

In *Hawkins,* appellant was convicted of robbery with a dangerous weapon. He had two previous convictions, in 1977 and 1979, for daytime housebreaking, which were not "crimes of violence" under Section 643B(a) at the time of their commission.[1] We held that the 1977 and 1979 daytime housebreaking offenses were properly considered for enhancement of Hawkins' sentence even though they were not "crimes of violence" under Section 643B(a) at the time they were committed. We stated that "[t]he punishment is for the most recent crime with an enhanced sentence predicated upon prior offenses that were crimes of violence by statute at the time of the most recent offense." *Hawkins, supra* [58 Md.App.] at 93, 472 A.2d 482. Blandon concedes that his two previous convictions constituted "crimes of violence" under Section 643B at the time of his sentencing. Therefore, the trial judge's imposition of the enhanced sentence was proper.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.

---

1. Section 643B(a) was amended in July, 1982 to include burglary and daytime housebreaking. Laws of Maryland 1982 ch. 479, effective July 1, 1982.